# Weems *v.* Weems.

## *Action on Account.*

1. *Bill of exceptions ; its office, and what it should contain.*—The object of a bill of exceptions is to make the record speak what would not otherwise appear, touching any "charge, opinion or decision" of the court, in which the court is supposed to have erred, to the prejudice of the party complaining; but it should not contain the process, pleadings or judgment of the court, as these are parts of every record and do otherwise appear. The bill should also be signed by the presiding judge in such manner as to show that it was intended as a bill of exceptions.

2. *What is not a bill of exceptions.*—Where the caption of a record sent to this court on appeal, after stating the style of the case, the term of the court, and the name of the presiding judge, is in these words: "On the trial of this cause the following proceedings were had"; and then follow a motion to have counsel assigned to defend for the defendant, who was a *non compos*, the assignment of counsel, and then the process, pleadings and judgment-entry and the other proceedings in the cause, in consecutive order; to which is added the following words: "And the defendant's attorneys now assign each and all of the said rulings of the court as errors. (Signed) Wm. L. Whitlock,"—*held*, that this can not be regarded as a bill of exceptions, as it fails to express directly, or by implication, that it was so intended.

3. *Demurrer to entire complaint ; when should be overruled.*—A demurrer to an entire complaint, consisting of two or more counts, should be overruled, if any one of the counts is sufficient.

APPEAL from Cherokee Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was an action of *assumpsit* by Asa Weems, the appellee, against Joel Weems, the appellant. The complaint contains three counts, one on an account stated, one on an account for money had and received, and one for goods and chattels sold.

The case made by the record is stated in the opinion of the court.

JAMES H. SAVAGE, for appellant.

WALDEN & SON, and WATTS & SONS, *contra.*—There is no bill of exceptions in this case, and this court can not look beyond that which is shown to be the record. There seems to be one continuous record, without distinguishing between what is legitimately record, and what is otherwise made record. If this

[Weems v. Weems.]

paper purported to be a bill of exceptions, it might possibly be so treated; and then this court could not look to the decisions of the lower court on the pleadings incorporated in the bill of exceptions.

STONE, J.—It is to be regretted that the present record comes before us in so confused a shape, that we are unable to review the rulings in the court below. If properly presented, we would not hesitate to announce that in several important particulars, the Circuit Court erred. What, in the argument of counsel, is claimed as a bill of exceptions, we can not so regard. Sections 3107-8 of the Code of 1876 give directions for the preparation and execution of a bill of exceptions. "Either of the parties in any civil case, during the trial of the cause, may reserve, by bill of exceptions, any charge, opinion, or decision of the court, touching the cause of action, and which would not otherwise appear of record. The bill must be tendered by the party supposing himself aggrieved, stating the point, charge, opinion, or decision, wherein the court is supposed to err, with such a statement of the facts as is necessary to make it intelligible." The substance of what a bill of exceptions shall contain, has come to be pretty well understood. Its object is to make the record speak, what would not otherwise appear, touching any "charge, opinion or decision" of the court, in which the court is supposed to have erred, to the prejudice of the party complaining. It need not and should not contain the process, the pleadings, or judgment of the court. All these are parts of every record, and do otherwise appear. It should also be so framed, as to show its purpose, and must be signed by the presiding judge, in such manner as to show it was intended as a bill of exceptions. We are no sticklers for form, but the purpose to reserve the point or points must appear in substance.

The present record is made up entirely of a bill of exceptions, or it contains no bill of exceptions. The process, complaint, demurrer, amended complaint, pleas, evidence, charges of the court, judgment-entry, are each and all stated in consecutive order, and if there be a bill of exceptions, all these constitute a part, or parts of it, and neither of them otherwise appear in the record. The caption of the record is as follows:

"Asa Weems, plaintiff,     In Circuit Court, Cherokee
        v.         county, Spring term, 1880. Hon.
Joel Weems, defendant.    W. L. Whitlock, judge, presiding.

On the trial of this cause the following proceedings were had." Then comes a motion to have counsel assigned to defend for the defendant, who was a *non compos;* and the court assigned counsel for the purpose. Then follow the entire proceedings in the cause, as stated above, beginning with the summons and

complaint, and ending with the verdict and judgment.　To that is added the following words, and only.the following words: "And the def't's att'ys now assign each and all of the said rulings of the court as errors.　(Signed)　Wm. L. Whitlock."

We can not regard this as a bill of exceptions, for it fails to express directly, or by implication, that it was so intended.

The judgment-entry contains the ruling of the court on the demurrer to the complaint.　The demurrer, however, was to the entire complaint, and some of the counts are certainly sufficient.　The Circuit Court did not err in overruling the demurrer.—*Pryor v. Beck*, 21 Ala. 393; *Hayes v. Anderson*, 57 Ala. 374.

Affirmed.