# Highland Avenue & Belt Railroad Co. v. South.

### Action Against Railroad Company to Recover Damages for Personal Injuries.

1. *Pleading and practice; consideration on appeal of charges to the jury when not set out in the bill of exceptions.*—When on the trial of a cause the general affirmative charge in favor of defendant on certain counts are requested in writing, and the trial judge writes thereon "Given" and signs his name thereto, in conformity to the statute (Code of 1886, § 2756), and on an appeal by the defendant, these charges are certified to the appellate court as a part of the record, this court will consider said charges as having been given, although such fact is not shown by the bill of exceptions, and will eliminate the counts to which they were addressed from the consideration of the cause.

2. *Ownership and operation of railroad; liability for injuries; trespassers.*—In an action against a railroad company to recover damages for personal injuries, where the complaint alleges that defendant owned a railroad in and near a certain named city, and also rolling stock and other appliances used in operating said railroad, and permitted one of its trains to be run over and upon said railroad by persons to whom the management and control thereof had been committed by defendant, and that the plaintiff was the conductor of a train being run and operated by another company upon a railroad track used by it, and that the injury complained of resulted from a collision of the defendant's train with the train on which plaintiff was conductor at a point where said tracks approached or crossed each other, there is shown such a relation of the defendant to the train alleged to have

[Highland Avenue & Belt Railroad Co. v. South.]

done the injury as to render defendant responsible for the negligence of those operating it; and it is also shown *prima facie* that the company operating the train on which plaintiff was conductor, was in the lawful possession and operation of the track on which it was moving at the time of the collision, and hence no question as to defendant being the owner of such track, or of plaintiff's company or the plaintiff himself being trespassers thereon arises on the face of the complaint; and demurrers raising these several questions are properly overruled.

3. *Action for personal injuries; sufficiency of allegations of negligence.*—In an action against a railroad company to recover damages for personal injuries, a complaint which alleges that while the train of which plaintiff was in charge as conductor was regularly and properly proceeding on the track, of which it had the possession and use, defendant's train, at the point where its track approached or crossed the track used by plaintiff's company, ran into and collided with plaintiff's train, producing the injury complained of, sufficiently charges the defendant with negligence.

4. *Same; same; effect of particularizing acts of negligence as to burden of proof.*—In an action to recover damages for personal injuries sustained in a railroad collision, where, after filing a complaint alleging a wrong which clearly charges negligence on the part of the defendant, the plaintiff adds counts which undertake to define the particular negligence which caused the collision, the sufficiency of such counts must be tested by their particular allegations; and by making these special allegations the plaintiff assumes the burden of proving them, without which proof he cannot recover.

5. *Action against railroad company; sufficiency of complaint.*—In an action against a railroad company to recover damages for personal injuries sustained in a collision, where one of the counts of the complaint alleges that defendant's track crossed or approached the track on which was being run the train plaintiff had control of as conductor, and then avers that the special negligence which caused the injury was the failure of defendant's train to stop within 100 feet of the crossing of the two tracks, such count is involved in uncertainty, if not redundancy, and a demurrer which raises the question should be sustained.

6. *Negligence in running train; duty of engineer while moving train in city.*—By the statute (Code of 1886, § 1144) it is made the duty of an engineer in charge of a train, while moving within a city, to ring the bell or blow the whistle at short intervals, but both are not required; and, therefore, a count of a complaint which alleges that those operating a railway train were negligent, while moving within a city, in failing to blow the whistle "and" ring the bell of the locomotive at short intervals, is demurrable.

7. *Pleading; replication to immaterial allegation of a plea.*—Where a plea presents a good defense to a count of a complaint, but contains an averment that is immaterial, a replication which simply avoids the immaterial averments, without in any way replying to the other allegations of the plea, is demurrable. The effect of sustaining such a

[Highland Avenue & Belt Railroad Co. v. South.]

replication would be to deprive defendant of a good defense by merely immaterial allegations, which is not tolerable in good pleading.

8. *Replication used as new counts and introducing matter already counted upon.*—Replications used for the purpose of introducing new counts, and those repeating matter already counted upon, constitute improper pleading, and are demurrable.

9. *Pleading; when replication to plea of contributory negligence good.* In an action for personal injuries sustained in a collision at a railroad crossing, where a plea charges plaintiff with contributory negligence, a replication which avers that the persons in charge of defendant's train, after discovering the peril of the other train, on which plaintiff was riding, "willfully, wantonly, and recklessly failed to give the usual and proper signals, and were guilty of wanton, willful, or intentional negligence," is not open to demurrer upon the ground that it does not show that by those in charge of defendant's train giving the proper signals, plaintiff would have escaped the injury; and in the absence of a demurrer on the ground that its allegations are a departure from the complaint, such replication alleges facts, which if true, are sufficient to deprive defendant of the defense of contributory negligence set up in its said plea.

APPEAL from the City Court of Birmingham.
Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee, Austin M. South, against the appellant, the Highland Avenue & Belt Railroad Company, to recover damages for personal injuries, alleged to have been caused by reason of the defendant's negligence. The complaint contained nine counts. The court gave the general affirmative charge to the appellant as to the first five counts; and the substance of the allegations of the remaining counts—the sixth, seventh, eighth and ninth—are sufficiently set forth in the opinion. To these counts demurrers were interposed, which are also sufficiently shown in the opinion.

The defendant pleaded the general issue, contributory negligence, and several special pleas. The rulings of the court upon the fifth and seventh pleas, and upon the replications and demurrers thereto are sufficiently shown in the opinion. The sixth plea was as follows: "6. For further answer to the complaint defendant says that both of the tracks where said trains were at the time of the collision, were its property, and its trains had priority of right over the crossing of one of its tracks over the other at said place, and defendant avers that the plaintiff was conductor of the train on which he was rid-

[Highland Avenue & Belt Railroad Co. v. South.]

ing and had charge of it, and that he permitted said train to proceed before he knew the way to be clear and thereby contributed proximately to produce the injuries complained of." The plaintiff filed two replications to the sixth plea. The first was the joinder of issue, and the second was as follows: "2. For further replication to said sixth plea, the plaintiff says that the person or persons in charge of defendant's train, after discovering the peril of the train on which plaintiff was riding, wilfully, wantonly or recklessly failed to give the usual and proper signals, and was guilty of wanton, wilful or intentional negligence in failing to give such signals; and the plaintiff avers that if such person or persons in charge of defendant's said train, after discovering the peril of the train on which plaintiff was riding, had given the usual and proper signals, the plaintiff would have been put upon notice of the danger in which he was, and would thereby have been enabled to escape from the train on which he was riding, and to avoid the injuries set forth in the complaint." To this replication to the sixth plea, the defendant demurred upon the following grounds: "1. It is not alleged in said replication that the person or persons in charge of the train on defendant's road knew, or could have known, that by giving danger signals the plaintiff could have escaped injury. 2. It is not shown by said replication that the person or persons in charge of the train on defendant's road knew or could have known that the preventive efforts used by them would not be effectual to prevent injury. 3. It is not shown by said replication what the usual or proper signals were. 4. That it is not denied by said replication that the person or persons in charge of the train on defendant's road, after discovering the peril of the train on which plaintiff was riding, used all reasonable effort to prevent the injury to the plaintiff."

Under the opinion on this appeal, it is unnecessary to set out in detail the facts as disclosed on the trial, and the other rulings of the court. There were verdict and judgment for the plaintiff, assessing his damages at $3,500. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

ALEX T. LONDON and JOHN LONDON, for appellant.
1. To entitle a trespasser on the right of way of a rail-

road company to recover against it for an injury, he must allege and prove that the servants· and agents of the defendant were guilty of willful or wanton negligence.—*Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114.

2. Failure to blow the whistle or ring the bell is but simple negligence.—*A. G. S. R. R. Co. v. Linn*, 103 Ala. 134 ; *Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262 ; *Railroad Co. v. Sampson*, 91 Ala. 560.

3. Willfulness or wantonness implies a willingness or purpose to inflict an injury, or such recklessness as to indicate an indifference to the probable consequences which may result in injury.—*K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 433 ; *A. G. S. R. R. Co. v. Hall*, 105 Ala. 599. The engineer is not required to resort to preventive efforts to prevent an injury, if such efforts would not be effectual, and the failure to do an act, which if done, might or would have prevented the injury, does not necessarily constitute it an intentional or such a willful and wanton wrong as to be the equivalent of intentional wrong.—*K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 433 ; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160 ; *L. & N. R. R. Co. v. Crawford*, 89 Ala. 240.

4. Excessive rate of speed at a place where no one is injured or likely to be injured is no evidence of recklessness at another place where obstructions are likely to be met with, if before reaching the latter place the engineer is enabled to bring his train to a halt by the use of the usual appliances with which his train is equipped.—*L. & N. R. R. Co. v. Black*, 89 Ala. 313.

5. It is contributory negligence for a conductor in charge of a train to permit the train to be run on to a crossing or junction where another train is likely to be collided with, without first looking to see that the way is clear and safe.—*R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501.

LANE & WHITE, *contra.*—1. A dummy operated in and around a city is subject to the general statutory regulations governing the running of trains on other railroads. *Birmingham Mineral R. R. Co. v. Jacobs*, 92 Ala. 203. Failure to give cautionary signals or to keep a proper look-out is negligence *per se*, entitling a person injured, who is not guilty of contributory negligence, to claim for

[Highland Avenue & Belt Railroad Co. v. South.]

damages.—*S. & N. Ala. R. R. Co. v. Thompson*, 62 Ala. 494.

2. A franchise for operating a railroad confers important rights, and it is burdened with public duties, from which the company can not absolve itself by leasing or otherwise transferring its franchise or property, and it will remain liable for any injury that may occur through the negligence of its transferee of lessee or the agents or servants or employés thereof.—*Ricketts v. B'g'ham St. R'y. Co.*, 85 Ala. 604; *Ga. Pacific R'y. Co. v. Underwood*, 90 Ala. 49; *Montgomery Gas Light Co. v. Montgomery & Eufaula Railway Co.*, 86 Ala. 382.

3. It is not necessary for a failure of a railroad company to comply with a statutory duty to be the *sole or immediate* cause of the injury, but only that such failure *contributed* with other concurring and efficient cause to produce the injury.—*West. R'y. of Ala. v. Sistrunk*, 85 Ala. 352.

4. If injury is caused by collision of two railroad trains at a crossing, the road which failed to stop its train is liable.—*R. & D. R. R. Co. Freeman*, 97 Ala. 289. The failure to blow the whistle at short intervals (which is admitted) by the engineer in charge of the engine on defendant's road while passing through the city limits, renders it liable.—*R & D R. R. Co. v. Freeman*, 97 Ala. 289.

5. The 6th, 7th, 8th and 9th counts show that the persons in charge of defendant's train were in control thereof by the license of the defendant, and that plaintiff was rightfully at the place where he was, and it is immaterial by whom the former train was being operated. *Lakin v. Williamette Val. &c. R. Co.*, 26 Am. & Eng. R. R. Cases, 611; *Macon & Aug. R. R. Co. v. Mayers*, 15 Am. Rep. 678; *Balsley v. St. L., A. & T. H. R. R. Co.*, 119 Ill. 71, and cases cited.

6. Negligence is sufficiently everred in the 6th and 7th counts of the complaint.—*Ensley R. Co. v. Chewning*, 93 Ala. 29; *East Tenn., Va. & Ga. R. R. Co. v. Watson*, 90 Ala. 138; *S. & N. Ala. R. R. Co. v. Thompson*, 62 Ala. 494; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 138.

HEAD, J.—The record shows that the court gave the general affirmative charge for the defendant (appellant) upon the first, second, third, fourth and fifth counts of

the complaint. We will eliminate those counts, therefore, from our consideration of the case. This fact is not shown by the bill of exceptions, but the charges were in writing, and the trial judge wrote thereon "Given," and signed his name thereto, in conformity to section 2756 of the Code of 1886, and they are certified to us as a part of the record. We will treat the case as having been tried on the sixth, seventh, eighth and ninth counts.

The sixth alleges that about August 6, 1893, the defendant, a duly authorized corporation, owned a railroad in and near the city of Birmingham, and owned rolling stock and other appliances commonly used in operating a, railroad, commonly called a dummy line, and was then and there authorized and empowered by its charter to own and operate said railroad, and then and there permitted one of its trains to be run over and upon its said railroad by persons to whom the control and management of said train had been committed by defendant; and the plaintiff being then and there a conductor on one of the trains of the Birmingham Railway and Electric Company, which was then also running and operating a railroad commonly called a dummy line for the carriage of passengers; and the plaintiff, being on one of the dummy trains of that company, dicharging his duties as conductor, moving on said railroad, on First Avenue in said city, the train on defendant's road in charge of the persons aforesaid, approached First Avenue, coming across a bridge on Twenty-second street and running into First Avenue, in said city, where its railroad track crossed or approached the track then being used by the train of said Electric Comany, on which plaintiff was, as aforesaid, and when said last named train was passing the point where said two tracks cross or approach each other, as above stated, the train on defendant's road, ran into and collided with the train on which plaintiff was, injuring the plaintiff. And the count then proceeds to aver that the injury was caused by the negligence of the person or persons in charge of defendant's said train, in failing, at short intervals, to blow the whistle or ring the bell while running said train across said bridge on Twenty-second Street, the same being in said city.

The seventh count is the same as the sixth, except it

-alleges the cause of the injury to have been a failure to blow the whistle *and* ring the bell, &c.

The eighth count is the same, except that it alleges that the injury was caused by the negligence of said persons in charge of defendant's train in failing to come to a full stop withing one hundred feet of the crossing of said two railroad tracks, and permitting the train of defendant's road to run along towards said crossing without stopping until after colliding with the train on which plaintiff was.

The ninth count is the same, except that it alleges that the defendant's train was being operated by the defendant, itself, and that the two tracks crossed (not crossed or approached) each other, at the place of collision; and it alleges the injury was caused by negligence in the management or running of defendant's said train by the person or persons put in charge thereof by the defendant.

These counts show such a relation of the defendant to the train alleged to have done the injury, and its operation, as to render it, the defendant, responsible for the negligence of those operating it.—*Ricketts v. Birmingham Street Railway Co.,* 85 Ala. 600; *Ga. Pac. R'y Co. v. Underwood,* 90 Ala. 49. In legal contemplation, the train was being run by the defendant itself, so far as concerned liability for injuries committed by those actually operating it. They also show *prima facie* that the Birmingham Railway & Electric Company was in the lawful possession and operation of the road or track on which its train, of which plaintiff was conductor, was moving at the time of the collision. No question of the defendant's ownership of the track, or of the Electric Company and its conductor being trespassers, arises upon the face of the complaint. The demurrers to the complaint, raising these questions, are properly overruled.

The allegation, admitted by the demurrer, that the defendant's train ran into and collided with the plaintiff's train, in the manner stated in the several counts under consideration, raised a presumption of negligence on the part of those operating defendant's train, causing the collision. Of itself it stated a good cause of action, and being admitted or proven, if no more had been alleged, would have cast upon the defendant the burden of overcoming the presumption. The case made by the counts

to which we refer, is, that while the train of the Electric Company was regularly and properly proceeding on the track which it was in the possession and use of, at a point where defendant's road crossed or approached that track, defendant's train, on its own track, ran into and collided with it—clearly the allegation of a wrong on the part of defendant, which implies no less a degree of culpability than negligence on the part of those operating the defendant's train. But, the sixth, seventh and eighth counts, in express terms, undertake to define the particular negligence which caused the collision, and the sufficiency of those counts must be tested by these special allegations, respectively; and further, by making these allegations, the plaintiff assumed the burden of proving them.

By statute, it was the duty of the engineer to blow the whistle or ring the bell, at short intervals, while moving within the city.—Code of 1886, § 1144. The sixth and seventh counts rely upon non-observance of this regulation. One of these—the seventh—is defective. It requires both that the whistle should have been blown and bell rung, at intervals &c. The statute is satisfied by either—both are not required. The demurrer raising this objection ought to have been sustained.

The eighth count is involved in uncertainty, if not repugnancy, and the objection is raised by the seventh ground of demurrer. As we have seen, it alleges, in one alternative, that defendant's track *crossed* the Electric Company's track, and in another, that it *approached* the latter track—even stopping short, in this alternative, of alleging a junction of the two tracks. The special negligence alleged is the failure to come to a full stop (as required by the statute) within one hundred feet of the *crossing* of the two tracks, thus ignoring the alternative allegation, to the effect that the tracks did not cross, but that one merely approached the other. We are constrained, by the rules of good pleading, to hold the count insufficient, and that the demurrer to it is well taken.

The ninth count so alleges the unlawful collision and the particular facts as to how it occurred, as to raise the presumption of negligence to which we have already adverted. There is otherwise no special negligent act or

omission alleged. The demurrers to this count were properly overruled.

The fifth plea (which was to the whole complaint) set up that the train on defendant's road was equipped with brakes of approved pattern and other appliances for stopping or checking said train, and that the said brakes and appliances had been inspected and tested that day and found sufficient, that said brakes had been successfully applied in stopping said train at Avenue "E" and 22d street, just before the collision; that as the train was crossing the bridge on 22d street and before the engineer in charge of the engine, or the fireman, saw or could have seen the train on which plaintiff was riding the engineer applied the brakes for the purpose of checking the speed of said train as it approached First Avenue, and then, for the first time, discovered that there was some defect therein and it would not work, and thereupon reversed the engine and applied steam, and used all efforts to check the speed of the train; that notwithstanding such efforts the train moved or slided on the rails, and the collision occurred without fault on the part of the defendant, its agents or servants; and alleges that the track on which the plaintiff was riding and the track on which the train which caused the injuries was at the time, were both the property of the defendant, and denies that at said place the tracks were two railroads which crossed each other.

It is observable that this plea excuses the defendant because due care had been used in having the train under control, and in controlling its speed and movement, and that the persons operating it could not check its speed, (though they made every necessary effort to do so), by reason of an unknown and suddenly developed defect in the machinery; and further that both roads were the property of the defendant, and that the place where the collision occurred was not where two railroads crossed each other. The plea though interposed to the whole complaint, does not pretend to answer the sixth and seventh counts which allege that the injury resulted from the failure to ring the bell or blow the whistle. It is obvious, also, that the allegation that both roads were the property of the defendant was no answer to the allegation contained in all the counts, that the road on which plaintiff was riding was being operated by the

Electric Company ; and it constituted no defense to the action. The Electric Company may have operated the road without being a trespasser, notwithstanding the ownership of the road was in the defendant. Nor was the plea an answer to the general charge of negligence set forth in the ninth count. The defendant may have been without fault in the matter of stopping the train or having the train under its control, and yet negligent in giving required signals, or, possibly in other respects bringing about the injury. The plea was a good answer to the eight count only.

There was demurrer to the plea which was overruled ; and thereupon the plaintiff replied specially, that although the track, upon which was the train bearing plaintiff, was the property of the defendant, it was being operated by and with the knowledge, license and consent of the defendant. There was a demurrer to this replication which was overruled, and the ruling is assigned as error. The demurrer to the plea having been overruled, and the defendant being the unsuccessful party and appellant, whereby that ruling is not, and could not, be before us for review, the plea must be treated, on this appeal, as alleging a complete defense to the entire action ; and the question which the demurrer to the replication raises is, whether or not the allegation of the plea that both roads were the property of the defendant, shall be regarded as an essential part of it, necessary to be proved in order to make good the defense. If it shall be so regarded, it is obvious the replication avoids it, and, consequently, avoids the whole plea, and the demurrer was properly overruled. If it shall be regarded as a redundant, non-essential allegation, not necessary to to be proved, the replication was obviously bad, and the court erred in overruling to it. The difficulty of the question is enhanced by the conclusion which we have already expressed, that the plea, with the allegation in question eliminated as immaterial, constitutes a good defense to the eighth count of the complaint, whilst no part of the plea, nor the same, as a whole, presents a legal defense to either of the other counts. It is available as a defense to those counts, only because the plaintiff pleaded to it after his demurrer was overruled. If, therefore, the eight was the only count of the complainant, it would follow that the replication was in avoidance of an imma-

[Highland Avenue & Belt Railroad Co. v. South.]

terial allegation only, and, therefore, bad. To the other counts, as we have said, no part or parts of the plea, nor the same as a whole, constitute a legal defense; hence, we think it follows, logically, that, so far as those counts are concerned, no greator importance or materiality can be given to one allegation of the plea than to another. Its allegations being material only by reason of their adoption by the pleaders, they must be considered as adopted in the aggregate, and all of the same materiality. Wherefore, if the eighth count was out of the case, the replication, in question, would be good. What then results from this condition of the record? In principle, the demurrer to the replication ought to be visited upon the bad plea, which would at once solve the difficulty; but that rule has been changed by statute, and we can now look no further than to the pleading demurred to, and consequently, must observe the rule that in considering the sufficiency of the pleading all intendments must be taken against the pleader. The replication, therefore, must be taken, in all respects, most strongly against the plaintiff. The plea, as we have said, legally answers the eighth count, considering the averment that both roads were the property of the defendant as immaterial. The replication, if sustained would deprive the defendant of its defense to that count, by simply avoiding the immaterial allegation. Our conclusion, therefore, is that the demurrer to it ought to have been sustained.

The seventh plea is substantially the same as the fifth. Replications numbers 6, 7 and 8 were interposed to the two, which replications the court sustained on demurrer. These replications, like the one above considered, avoided the allegation that both roads were the property of the defendant, and then set up matter proper for the complaint but not for replication, to-wit, specific acts of negligence causing the injury, some of which had already been specially alleged in some of the counts of the complaint, and the rest were involved in the general charge of negligence contained in the ninth count. Replications to the plea which professes to answer all the varying causes of complaint set forth in the several counts, are here made to perform the offices of new special counts, introducing matter already counted upon, and blending it with issues tendered upon the entire complaint.

This is not proper pleading, and the demurrers to the replications ought to have been sustained.

There was no demurrer to the second replication, as amended, to the sixth plea, on the ground that the allegations were a departure from the complaint.— *Markee's Case*, 103 Ala. 160. The grounds of demurrer assigned were bad. The facts alleged in the replicacation, if true, are sufficient to deprive the defendant of the defense of contributory negligence set up in the plea.

Upon another trial the issues and evidence will probably be somewhat differently presented, and we will not pass upon the other questions presented by the record.

Reversed and remanded.