[Western Union Telegraph Co. v. Pauley.]

# Western Union Telegraph Co. *v.* Pauley.

### *Damages for Failure to Deliver Telegram.*

(Decided Nov. 1, 1908. 47 South. 654.)

1. *Appeal and Error; Harmless Error.*—If there was error in overruling the demurrer to a complaint, which sought to place upon defendant a duty greater than the law exacted, such error was cured by a charge limiting defendant's liability, and imposing on it no greater duty than the law exacts.

2. *Same; Review; Scope.*—While the giving of a charge assigned as error will not be considered unless such charge and the action of the court thereon, is shown by the bill of exceptions, the charge may be considered in determining whether or not it cured error in other rulings of the court where it is not shown by bill of exceptions.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Jesse Pauley against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts made by the complaint are that one Poelnitz was the agent of the plaintiff for the purpose of sending him a message as to the stages of the Warrior river, and that pursuant to said agency Poelnitz filed a message with the company at its office in Greensboro, directed to defendant, to be transmitted by wire to Linden, and there mailed by defendant to Myrtlewood; that plaintiff had cattle pastured near the river, and as a result of a failure to deliver the message, which was as to the condition of the river, plaintiff was not notified of its rise, and his cattle were drowned. The demurrers insisted on are that the count sets out a contract and avers a breach of the same, which breach is outside of the terms of the contract, and that the contract sued on

shows that the message was to be mailed at Linden, to Myrtlewood, yet said count avers the breach to be that said message was not delivered at Myrtlewood, and said count shows on its face that the contract between plaintiff and defendant was to mail said telegram at Linden, yet said complaint fails to aver that the defendant failed to mail said telegram at Linden.

In charging the jury the court gave the defendant the following written charge: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that when the telegram was received, and are reasonably satisfied that it was so received, that it was placed in an envelope, stamped and addressed to Jesse Pauley at Myrtlewood, Ala., and deposited in the post office at Linden without delay, then defendant has performed his duty, and plaintiff cannot recover."

PETTUS, JEFFRIES & PETTUS, for appellants. The allegation of the breach must be governed by the nature of the stipulation.—1 Chitty on Pleading (8th Amer. Ed.) 331. If the breach vary from the sense and substance of the contract, and be either more limited or larger than the covenant, it will be insufficient. The question then presented by the demurrer is whether appellant would be liable for the negligence of the post office or not. There can be no doubt about the answer.—*Withers v. Knox,* 4 Ala. 138; 4 Ency. P. & P. 939. The error in overruling the demurrer was not cured by the charges given.—*Ala. Cons. Co. v. Wagnon,* 137 Ala. 388; *Nuckles v. The State,* 109 Ala. 2; *So. Ry. Co. v. Yancey,* 141 Ala. 246; *Lundsford v. Bailey,* 142 Ala. 319.

DEGRAFFENRIED & EVINS, for appellee. No exceptions were reserved by bill of exceptions to the motion to strike.—*Gaston v. Marengo Imp. Co.,* 139 Ala. 465. The action is in tort, and the demurrers are untenable.—

*Krichbaum's Case,* 31 So. 607. The defendant was not compelled to submit an improper issue to the jury and the rulings on the demurrers were not prejudicial to it.—*Fuqua v. Gambill,* 37 South. 235; *Hess v. Hydt Bakery,* 108 S. W. 68.

TYSON, C. J.—Only one contention is urged against the correctness of the judgment appealed from. It is that the breach of duty alleged, and upon which the recovery was had, was beyond the obligation assumed by defendant; that defendant fully discharged its undertaking or duty when it promptly transmitted the message to Linden and mailed it in the post office at that place, inclosed in an envelope properly stamped and addressed to the plaintiff at Myrtlewood. If we concede that the averments of the complaint go to the extent contended for, and therefore subject to the demurrer interposed, the ruling of the court in overruling the demurrer, if error, was without injury. This is clearly and affirmatively shown by the written charge given at defendant's request which appears in the record.

By that charge the court correctly limited defendant's liability, and imposed upon it no greater duty than the law placed upon it, as contended for by it. Indeed, this charge asserts the law in entire accord with the theory of defendant, and contains the identical proposition here contended for in support of the demurrer as the law of the case. It is true this charge is not shown by a bill of exceptions, but this is not necessary for the purpose for which we have here considered it.—*Gambill v. Fuqua,* 148 Ala. 448, 459, 42 South. 735; *H. A. & B. R. R. Co. v. South,* 112 Ala. 642, 20 South. 1003.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.