# Republic Iron & Steel Co. *v.* Lawson.

*Damage for Injury to Employe.*

(Decided Nov. 14. 1911.  56 South. 597.)

1. *Appeal and Error; Review; Presumptions.*—A presumption of injury arises where error is shown, and a reversal will follow unless the record rebuts the presumption.

2. *Same.*—Where the action was for injury to a driver in a coal mine because of the derailment of a car, and the only material question was, as to why the derailment occurred, the defendant was not prejudiced by a statement from a witness that the plaintiff was injured on account of the car being derailed as he was hauling coal from the mine.

3. *Same; Depositions; Objection; Sufficiency.*—Where the party taking the deposition agreed that any objection which might have been urged or taken at the time, might be brought to the attention of the court at the trial, and objections were taken separately to certain portions of the depositions, and exceptions reserved thereto in proper form, such obbjection was properly presented for review.

4. *Same; Harmless Error; Evidence.*—Where evidence is admitted under a certain count, and that count is afterwards withdrawn from the jury, the admission of the evidence is harmless, if erroneous.

5. *Evidence; Personal Knowledge.*—Where a witness testified that he saw the plaintiff immediately before his injury driving down the entry of a coal mine, and that immediately after the accident, he saw him pinioned between the derailed car and the side of the mine, a statement by him that the plaintiff was hurt on account of the derailment of the car as he was hauling coal from the mine, was not objectionable because the witness did not see the accident.

6. *Depositions; Objection; Time; Waiver.*—Under the rule that a question must be objected to before the witness answered, or the objection is waived, a waiver of this requirement is not shown, where the parties on taking the deposition agreed that any objection which might have been urged before the commissioner could be objected to at the trial.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by W. D. Lawson, pro ami, against the Republic Iron & Steel Company, for damages for injuries while engaged in the duties of his employment. Judgment for plaintiff and defendant appeals. Affirmed.

PERCY, BENNERS & BURR, for appellant. When a witness swears to a fact, it may be shown on his cross examination that he was mistaken, or was stating a mere conclusion.—*So. Ry. Co. v. Hall,* 145 Ala. 227; *B. R. L. & P. Co. v. Ellard,* 135 Ala. 445; *Patterson v. Coalbrook,* 29 N. H. 94. On these authorities, it is insisted that the court erred in the admission of the evidence complained of.

BOWMAN, HARSH & BEDDOW, for appellee. It is the cardinal rule, applicable as well to depositions as to testimony ore tenus that objection is waived unless interposed before the question was answered.—*Hammond v. The State,* 147 Ala. 72. On this authority it is urged that any error was harmless or was waived. Counsel discuss other assignments relative to evidence, but without further citation of authority.

DE GRAFFENRIED, J.—This suit was brought by appellee against appellant for damages because of injuries received by him on account of the derailment of a car while appellee was at work for appellant in a coal mine.

1. The judgment of a court will not be reversed on account of a ruling of a trial judge in the trial of a cause, unless that ruling was erroneous and the ruling was accompanied with injury to the party complaining. When error is shown, the presumption of injury arises, but, where the record rebuts that presumption, the

judgment of the trial court will not, on that account, be disturbed.

2. In the present case the only errors assigned relate to the refusal of the trial court to exclude, upon motion of appellant, certain parts of a deposition which was introduced in evidence in the cause by the appellee. When the deposition was taken, the parties agreed that "any objection which might have been urged or taken at the time the deposition was taken before the commissioner may be brought to the attention of the court and objected to at the time of the trial of the cause," and as objections were taken, separately and severally, by appellant to certain portions of the above deposition when the trial of this case was had, and exceptions to the rulings of the trial court thereon reserved in proper form for the consideration of this court, we shall consider, upon its merits, each assignment of error which is thereby properly raised for the consideration of this court.

3. On his direct examination the witness stated: "Appellee was hurt on account of car being derailed as he was hauling coal from the mines." Appellant moved to exclude the above statement from said deposition, and assigns the refusal of the court to grant the motion as error, because, on his cross-examination, the witness said: "I was not present when the accident happened, and did not see the car run off the track. I got there about three minutes after." The ground of the motion of appellant to exclude the above part of the deposition was that the witness showed on his cross-examination that, when he said on his direct examination that appellant was hurt "on account of a car being derailed as he was hauling coal from the mine," the witness was speaking, not from his knowledge, but was giving a mere expression of his opinion. The witness

stated further, however, on his cross-examination, that, while he did not see the car get off the track, he was about 100 feet from the place where the accident occurred, and, just before the accident, had seen appellee driving down the entry with the cars, and that he went to appellee immediately after the accident, and saw him pinioned between the derailed car and the "rib of the mine." If a man sees an engineer at the throttle of a locomotive, and a few moments afterward sees that locomotive off the track and the engineer crushed under it, he knows that the engineer was injured because of the derailment of the locomotive. He may not know why the locomotive was derailed, but he does know that but for the derailment the engineer would not have suffered the injuries. The fact of the derailment is one thing; the cause of it another. If it be true, as testified by the witness, that he saw the appellee immediately before his injuries, and then saw him immediately after the injuries, and found him pinioned between the side of the driveway and a derailed car, the witness did know that the injuries of appellee were occasioned by the derailment of the car. There is nothing in that part of the evidence above quoted to which objection was taken in which the witness undertook in any way to state the cause of the derailment, and it therefore seems to us that the court was without error in permitting the evidence objected to to remain before the jury.

4. In another place in his direct examination the witness said: "The car next to the mule, and the one he was sitting on, became derailed and the car veered over to one side and caught William D. Lawson's legs between the car and one side, or, as it is known in mining parlance, "the rib of the mine." It appears, as stated above, from the testimony of this witness, that appellee received his injuries about 100 feet from where

the witness was at the time of the injury, that appellee had just passed witness, and was driving two cars which were being pulled by a mule, and that, when appellee passed witness, he was sitting on the front car. Immediately after the accident, according to the testimony of this witness, he went to appellee and found him on the front car, which had been derailed, and which had leaned over to one side and caught appellee's legs between the car and the side, or rib, of the mine. If the witness's testimony as to what he claims he actually saw was true, then he had a right to make the above statement to the jury. The witness did not undertake to tell the jury why the car was derailed, and the above statement of fact was within the witness' knowledge, if the witness swore truthfully when he said that he went to appellee immediately after the injury and found him in the situation which he described.

5. As we understand the testimony in the case, there was no dispute about the fact that appellee was injured on account of the derailment of a car which he was driving in appellant's mine. The only real questions in the case, as we understand it, were as to why the derailment occurred, and whether such derailment was traceable to actionable negligence on the part of appellant and the extent of the injuries of appellee. We are authorized to presume that the jurors who tried the case were men of ordinary intelligence and we cannot see how in any way the refusal of the trial court to exclude from the jury the above statements of the witness, even if technically subject to objection, could have been of injury to appellant.

6. There were five counts in the complaint. In the fifth count it was averred "that Frank Ferguson, who, on behalf of the defendant, had superintendence of plaintiff, negligently, in the exercise of superintend-

[Republic Iron & Steel Co. v. Lawson.]

ence, caused plaintiff," etc. This count remained in the complaint until the case went to the jury.

In the above deposition the witness stated that he had given Frank Ferguson the assistant bank boss, notice of the defective condition of the track at the point where the injury occurred. There is nothing in the record tending to show that the appellant objected to the question which called for the above testimony of the witness, as the record only shows that the appellant moved to strike that statement of the witness from the deposition, and there is nothing in the agreement which we have above quoted, and which was entered into at the time the deposition was taken, waiving the requirement of the law that the question eliciting evidence must be objected to before the witness answers the question or the objection is thereby waived. When the question was asked and answered by the witness, it appeared from the pleadings to be relevant to show that Ferguson had notice of the defect; but, as the evidence failed to disclose on the trial that Ferguson was the party to whom such notice should have been given, the court eliminated that entire matter from the jury by charging them that, if they believed the evidence in the case, they could not find for the plaintiff under the fifth count of the complaint. This charge is not made a part of the bill of exceptions, but it is a part of the record, and we think that, as the record affirmatively shows that the court charged the jury that they could not find for the plaintiff under the fifth count of the complaint, it affirmatively shows that no damage was done appellant by reason of the refusal of the court to exclude from the jury that part of the witness' deposition which related to Ferguson, the assistant bank boss. *H. A. & B. R. R. Co. v. South,* 112 Ala. 642, 20 South. 1003.

The judgment of the court below is affirmed.
Affirmed.