# Baker, *et al. v.* Lauderdale & Worthy.

### Trover and Case.

### (Decided June 30, 1915. 69 South. 299.)

1. **Mortgages; Conversion; Parties.**—Where a mortgage on growing crops is duly recorded, and the mortgagor, or his tenant, with the consent of the mortgagor, sold the cotton to a buyer who immediately sold it to a third person, who, in turn, shipped it out of the county, the mortgagee could join as defendant the buyer and the third person in an action for conversion, and for the destruction of his lien.

2. **Evidence; Document; Execution.**—Under § 4006, Code 1907, a chattel mortgagor may prove his execution of the mortgage, but he cannot testfiy as to the execution thereof by third persons as co-mortgagors.

3. **Appeal and Error; Harmless Error; Evidence.**—Where a chattel mortgage was relied on solely as against the mortgagor, and he testified that he executed it, any error in permitting him to testify that third persons executed it as co-mortgagors, was harmless.

4. **Same.**—Where the execution of a chattel mortgage was properly proven, any error in permitting the mortgagee to testify as to the execution was harmless, that fact not being in dispute.

5. **Mortgages; Conversion; Parties.**—Where a second mortgage was executed directly to a firm, and the first mortgage, covering the same property, was executed to a partner thereof, the partners had such an interest by reason of the second mortgage as enabled them to sue for conversion of the mortgaged property without connecting the second mortgage with the first.

6. **Appeal and Error; Record; Bill of Exceptions.**—Where the bill of exceptions set out a charge and recited that the court gave the charge, and wrote thereon "Refused," the Appellate Court in view of the apparent contradiction in the bill of exceptions, under § 5364, Code 1907, may look to the record proper to determine whether the charge was given or refused.

7. **Same; Review; Questions Reviewable.**—Where a bill of exceptions fails to set forth an instrument admitted in evidence in its words, and does not state its substance or contents, the Appellate Court cannot say that the trial court erred in admitting it.

8. **Evidence; Instruments; Execution; Parol.**—Notwithstanding the lease was in writing, it was not error to permit a party to testify that he had the premises under a lease, since the testimony related to the fact of the lease merely, and not to its contents.

9. **Same; Personal Knowledge.**—A question to a witness, "Do you know that that amount is true and correct?" (referring to the amount stated by the witness to be due on the mortgage that plaintiff had introduced in evidence) calls for the personal knowledge of the witness, and was not objectionable.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

[Baker, et al. v. Lauderdale & Worthy.]

Action by Lauderdale & Worthy against D. W. Baker and others, in trover and case. Judgment for plaintiff and defendants appeal. Affirmed.

RIDDLE, ELLIS & RIDDLE, for appellant. JOHN A. DARDEN, for appellee.

THOMAS, J.—The action was by appellees as plaintiffs below, and the complaint contained two counts; one in trover for the conversion of a bale of cotton, and the other in case for the destruction of a lien on the bale of cotton.

It appeared without dispute that the bale was raised during the year 1912 on the Mansfield place in Coosa county, Ala., by one Zander Horton as the tenant of E. L. Stewart, under such circumstances as to make them tenants in common of the crop raised, each with a half interest.—Code, § 4792; *Hendricks v. Clemmons,* 147 Ala. 590, 41 South. 306; *Williams v. Lay,* 184 Ala. 55, 63 South. 466.

(1) It further appeared that plaintiff's claim of an interest in the bale of cotton was rested upon two certain mortgages executed by said E. L. Stewart, the landlord, one on October 11, 1911, and the other on December 7, 1911, each conveying, among other things, the entire crop of cotton that said Stewart might raise, or cause to be raised, during the year 1912, in Coosa county, Ala., and that at the time of the execution of said mortgages said Stewart held under a lease said Mansfield place in said Coosa county on which the bale of cotton in question was raised during the said year 1912 by his tenant, said Zander Horton, as aforesaid, and that in the fall of the year 1912, without plaintiffs' knowledge or consent, and after said mortgages were duly recorded, the defendant Baker bought from said Stewart, or from said Horton with Stewart's consent, the said bale of cotton, and immediately thereafter sold it to the defendant McElreath, who shipped it out of the county.

Baker and McElreath were joined as defendants to the action, which was entirely permissible.—*Lefkovitz v. Lester,* 11 Ala. App. 507, 66 South. 894.

(2, 3) It was likewise permissible for plaintiffs to prove by said Stewart the fact of the execution by him of the mortgages mentioned (Code, § 4006) ; and, though the court erred in allowing him to also testify that these mortgages were also executed

by two third persons—one Thomas and one Carmichael—as co-makers with him, Stewart, yet the error was without injury, since the mortgages were introduced solely as against Stewart, and not as against either Carmichael or Thomas, neither of whom, it appeared without dispute, had or ever had any interest whatever in the particular bale of cotton here in dispute, and since, further, the plaintiffs were claiming title to or an interest in said bale of cotton solely through Stewart and by virtue of the fact that he, and not Carmichael and Thomas, executed the mortgages.

(4) While it was also error to permit Lauderdale, who was the grantee, to testify to the execution of the mortgages by said Stewart, this error was also without injury, as the execution of the mortgages was properly proved by Stewart, as seen, and was a fact not in dispute.

(5) The contention of defendants' counsel, to the effect that defendants were entitled to the affirmative charge because the first dated of the mortgages mentioned was executed to A. R. Lauderdale alone and because no transfer or assignment is shown to have been made of it by him to Lauderdale & Worthy, the plaintiffs, who are a partnership of which said A. R. Lauderdale is only a member, is without merit, for the reason that the other of the mentioned mortgages, the last dated, was executed directly to Lauderdale & Worthy, which gave them, as second mortgagees, such an interest in the property as would support case against persons claiming, as defendant were, through a purchase from the mortgagor, Stewart, without connecting it with the first mortgagee, Lauderdale.—*Draper v. Walker*, 98 Ala. 310, 13 South. 595.

(6) The defendants' counsel complain in their brief that the court refused to give written charge numbered 4, requested by them, but we do not find it to be the case that the court refused this charge; hence we need not consider it. With respect to the matter the bill of exceptions, after the setting out of the charge, recites, as follows: "The court gave said charge and wrote thereon: 'Refused. Brewer, Judge.'"

In the face of this apparent contradiction in the bill of exceptons, we have looked for a settlement of the matter to the record proper, as we are authorized to do (Code, § 5364), and find, among the charges stated there as having been given, said charge numbered 4, which is there also set out.

[Baker, et al. v. Lauderdale & Worthy.]

(7) The defendants complain of the introduction in evidence of a mortgage of date September 28, 1911, but since neither this mortgage nor its contents or substance is set out in the bill of exceptions, we cannot say that the lower court erred as to this matter.

(8) There was no error in permitting the witness Stewart to testify that, at the time of the execution of the mortgages hereinbefore referred to, he had under lease the Manfiseld place in Coosa county, Ala., on which the bale of cotton was raised that was covered by the mortgages. The fact that it subsequently appeared on the cross-examination of Stewart that the contract of lease between him and Mansfield was in writing furnished no ground for excluding said testimony, since the materiality of the testimony related to the fact of the lease, and not its contents, nor that it was in writing.—*Roberts v. Burgess*, 85 Ala. 192, 4 South. 733; *Phillips Merc. Co. v. Banks*, 8 Ala. App. 549, 63 South. 31.

(9) What we have said is sufficient, without further discussion, to dispose of every assignment of error except the one in the following words: "Overruling defendants' objection to the following question propounded by plaintiffs' counsel to the witness A. R. Lauderdale: 'Do you know that that amount [referring to the amount stated by the witness to be due on the mortgages that plaintiff had introduced in evidence] is true and correct?'"

The question called for the personal knowledge of the witness, and was therefore free from objection. He answered affirmatively, "Yes, sir." While subsequent cross-examination developed that the witness was not speaking from his personal knowledge and furnished ground, perhaps, for the exclusion of the mentioned answer, there was no motion to exclude it; and, if there had been, no assignment of error is predicated thereon. The only assignment of error as to this matter relates to the question as seen, which question was certainly not objectionable.

Affirmed.