(77 South. 463)

MOBILE LIGHT & R. CO. v. THOMAS.*

(1 Div. 216.)

(Court of Appeals of Alabama. Nov. 13, 1917. Rehearing Denied Jan. 15, 1918.)

1. APPEAL AND ERROR ⬳1078(1) — ASSIGNMENTS OF ERROR—WAIVER.

Assignments of error not insisted on in appellant's brief must be deemed waived.

2. APPEAL AND ERROR ⬳699(2) — RECORD — QUESTIONS PRESENTED—INSTRUCTIONS.

Under the act of September 25th (Acts 1915, p. 815), amending Code 1907, § 5364, so as to provide that charges moved for by either party must be in writing, and must be given and refused in the terms in which they are written, and that it is the duty of the judge to write "Given" or "Refused," as the case may be, on the document and sign his name thereto, which becomes a part of the record, assignments of error complaining of the giving or refusal of written charges appearing in the bill of exceptions, but not in the record proper, cannot be considered; the amendment having changed the old rule, and being intended to incorporate all requested charges in the record proper.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by Elijah Thomas against the Mobile Light & Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Harry T. Smith & Caffey, of Mobile, for appellant. Webb, McAlpine & Grove, of Mobile, for appellee.

BRICKEN, J. This action was brought to recover damages for personal injury suffered by plaintiff, and damages to the wagon in which he was riding at the time he was struck by the defendant's street car.

[1] There are 16 assignments of error. Nos. 1 and 2 are predicated upon rulings sustaining demurrers to certain pleas filed by the defendant. Nos. 3 and 16 assign as error certain rulings of the court upon the admission of testimony during the trial of the case. None of these assignments are insisted upon in brief of appellant's counsel. They must therefore be regarded as waived. L. & N. R. R. Co. v. Holland, 173 Ala. 675, and cases cited on page 694, 55 South. 1001.

[2] The remaining assignments seek to have this court to review the ruling of the trial court in the giving of written charges requested by the plaintiff and the refusal of written charges requested by the defendant. These charges do not appear in the record proper, but only in the bill of exceptions. On this state of the record, the assignments of error predicated upon them are not reviewable. General Acts 1915, p. 815; Malone v. State, ante, p. 185, 76 South. 469; Carter v. State, ante, p. 184, 76 South. 468; Southern Ry. Co. v. Propst & Duckworth, ante, p. 186, 76 South. 470; Dempsey v. State, 15 Ala. App. 199, 72 South. 773. Affirmed.

On Application for Rehearing.

PER CURIAM. The appellant questions the soundness of the holdings in the cases cited in the foregoing opinion, to the effect that charges which do not appear in the record proper, but appear in the bill of exceptions, are not properly presented for review. The ground on which appellant questions these holdings is that special charges requested by the parties and given or refused and properly indorsed as required by the statute are not made thereby a part of the record proper, and can only become a part of the record by being incorporated in the bill of exceptions.

The statute (Code 1907, § 5364) as amended by act approved September 25, 1915, provides:

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'Given' or 'Refused' as the case may be, on the document, and sign his name thereto, which thereby becomes a part of the record, and charges which are given must be taken by the jury with them on retirement, and those refused must be retained by the clerk. The court shall after the conclusion of his charge to the jury read such written charges as he has given for the parties in a clear and audible voice, saying to the jury, 'These are instructions given you by the court at the request of the plaintiff or defendant, as the case may be, and are correct statements of the law to be taken by you in connection with what has already been said to you.' The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. In case of appeal the charg-

es must be set out in the transcript in the following manner: (1) The charge of the court; (2) the charges given at the request of the plaintiff or the state; (3) the charges given at the request of the defendant; (4) the charges refused to the appellant. It shall not be necessary to set out the charges in the bill of exceptions or state therein that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof. Every general charge shall be in writing, or be taken down by the court reporter as it is delivered to the jury."

Before the amendment of this section of the Code it was repeatedly held that written charges indorsed as required by the statute were a part of the record, but that it was incumbent upon the appellant who sought to review the giving or refusal of such charges to set them out in the bill of exceptions. Choate v. Ala. Gr. South. R. R. Co., 170 Ala. 591, 54 South. 507; W. U. T. Co. v. Pauley, 157 Ala. 615, 47 South. 654; Gambill v. Fuqua, 148 Ala. 459, 42 South. 735; Highland Ave. & Belt R. R. Co. v. South, 112 Ala. 642, 20 South. 1003; Baker et al. v. Lauderdale & Worthy, 14 Ala. App. 224, 69 South. 299; Clark v. State, 14 Ala. App. 633, 72 South. 291.

In Gambill v. Fuqua, supra, it was said:

"Counsel for appellant in their brief on application for rehearing contend that this court had no right to assume that certain counts of the complaint were eliminated by charges given, as those charges were not incorporated in the bill of exceptions, and cite a list of authorities to the effect that special charges will not be considered for reviewing the action of the trial court, unless set out in the bill of exceptions. We adhere to the rule that it is incumbent upon the appellant to set out in the bill of exceptions charges the giving or refusal of which is the basis of an assignment of error, and that the action of the trial court will not be reviewed in that respect unless said charges appear in the bill of exceptions. This rule, however, does not prevent this court from looking to the entire transcript, in determining whether or not the trial court committed errors, or whether or not errors, if committed, were errors without injury. And, when the record shows that the general charge was given for the appellant as to certain counts, we will not review the action of the trial court upon the pleading relating to said charged-out counts, though such charges do not appear in the bill of exceptions. Highland Ave. & Belt R. R. Co. v. South, 112 Ala. 642 [20 South. 1003]."

In Choate v. A. G. S. R. R. Co., supra, the court said:

"Our statute requires trial courts to give or refuse, and so mark and sign, any number of written charges moved for by either party, and provides that such charges then become a part of the record. * * * It is not necessary for either party to except to the giving of any such charges requested by his adversary, nor to the refusal of those so requested by himself. Appropriate exceptions thereto must be presumed as to both parties."

Since the amendment of the statute by the act of September 25, 1915, supra, the Supreme Court, in Birch v. Ward, 200 Ala. 118, 75 South. 568, speaking by Anderson, C. J., said:

"In dealing with plaintiff's refused charges, we adopted the suggestion in brief of appellees' counsel, and applied the old rule, inadvertently overlooking the fact that this case was tried subsequent to the act of 1915 (page 815), providing that the charges may appear in the record proper, with the presumption that they were separately and severally requested, and as they appear in the record proper they seem to have been refused separately and severally, irrespective of presumption provided in the act."

In that case the charges as set out in the record proper were reviewed by the court. The "old rule" referred to in this case can be none other than the one requiring that the charges be set out in the bill of exceptions, declared in Alabama Construction Co. v. Wagnon Bros., 137 Ala. 390, 34 South. 352, and other authorities of like character.

And in the recent case of Blackmon v. State, 201 Ala. 53, 77 South. 347, the Supreme Court holds that the ex mero motu charge of the court must be in writing or taken down by the court reporter as it is delivered to the jury, and must be transcribed, and when so transcribed or written becomes a part of the record. In view of these holdings, we see no escape from the conclusion tha the special charges given and refused and the ex mero motu charge of the court are made by law a part of the record proper on appeal, and the Supreme Court and this court have uniformly held that, where the law requires any part of the proceedings of the lower court to be shown by the record proper, the court on appeal will only look to the record proper for such proceeding or matter. Taylor v. State, 112 Ala. 69, 20 South. 848; Dannor et al. v. Crew, 137 Ala. 617, 34 South. 822; Ex parte Knight, 61 Ala. 482; Ex parte Cameron, 81 Ala. 90, 1 South. 20; Odum v. Rutledge, 94 Ala. 495, 10 South. 222; Durrett v. State, 133 Ala. 121, 32 South. 234.

One of the manifest purposes of the amendment to the statute was to change the "old rule" so as to prevent a duplication of the same matter by incorporating it in the record and also in the bill of exceptions, which has been declared to be objectionable. Lipscomb v. McClellan, 72 Ala. 151; Weems v. Weems, 69 Ala. 104; Smith v. State, 68 Ala. 424. And another purpose of the amendment was to impose upon the officer of the law who is charged with the custody of such papers and whose duty it is to prepare the transcript the duty of setting out the charges in the record ipsissimis verbis, thereby removing the necessity of allowing the charges to be taken out of the custody of the clerk, and removing as far as possible the temptation to impose on the court by incorrectly copying such charges in the bill of exceptions, or of destroying or losing any one or more of such charges to prevent reversals or gain affirmances.

We adhere to the rule announced in the

cases cited in the original opinion, and the application for rehearing is overruled.

Application overruled.