(77 South. 929)

BYNUM v. TERRY et al. (8 Div. 501.)

(Court of Appeals of Alabama. Jan. 22, 1918. Rehearing Denied Feb. 26, 1918.)

1. APPEAL AND ERROR ⊂⊃270(2)—EXCEPTIONS BELOW—DENIAL OF NEW TRIAL.

Assignment of error based on denial of new trial, will not be considered, where no exception was reserved to the court's ruling on the motion and the substance of the evidence in the case and the decision of the court on the motion were not reduced to writing, as required by Gen. Acts 1915, p. 722, governing appeals from decisions on motion for new trial.

2. APPEAL AND ERROR ⊂⊃683—RECORD—OBJECTION TO DEPOSITION.

An objection to deposition and motion to exclude answer of deponent because not responsive to an interrogatory could not be considered, where such interrogatory was not set out in the bill of exceptions.

3. APPEAL AND ERROR ⊂⊃713(3)—RECORD—CHARGES REFUSED AND GIVEN.

When charges given for appellee and refused to appellant appear only in the bill of exceptions and not in the record proper, as required by Gen. Acts 1915, p. 815, rulings thereon cannot be considered.

Appeal from Circuit Court, Lawrence County; R. C. Brickell, Judge.

Action by Susie Swoope Bynum against John Terry and another. From judgment for defendants, plaintiff appeals. Affirmed.

C. M. Sherrod, of Courtland, for appellant. G. O. Chenault, of Albany, for appellees.

BRICKEN, J. [1] This action was begun in a justice of the peace court of Lawrence county, and from the judgment rendered in that court an appeal was taken to the circuit court of that county. From a judgment in favor of the defendants, plaintiff in the court below appeals.

The first assignment of error is predicated upon the action of the court in overruling the motion of the plaintiff to set aside the verdict and judgment in this case and to grant a new trial. This action of the court is not properly presented for our consideration, as there is total noncompliance of the statute governing appeals from decisions on motion for new trial. General Acts 1915, p. 722. "Whenever a motion for a new trial shall be granted or refused by the circuit court * * * in any civil or criminal case at law, either party in a civil case, or the defendant in a criminal case, may except to the decision of the court and shall reduce to writing the substance of the evidence in the case, and also the decision of the court on the motion and the evidence taken in support of the motion and the decision of the court shall be included in the bill of exceptions, which shall be a part of the record in the cause, and the appellant may assign for error that the court below improperly granted or refused to grant a new trial," etc. In the instant case, no exception was reserved to the ruling of the court upon the motion for a new trial, nor was there any attempt to comply with the law by reducing to writing the substance of the evidence in the case and the decision of the court on the motion. In fact, nothing was offered in support of the motion for a new trial; hence assignment of error number one is not sustained.

[2] We cannot put the lower court in error because of the ruling made the basis of the second assignment of error. The objection to the deposition of the witness Swoope, and the motion to exclude his answer among other grounds was that the answer was not responsive to the eighth interrogatory, etc. The eighth interrogatory referred to is not set out in the bill of exceptions, and is not before us. We are therefore not in a position to pass upon this ground of the motion. The witness J. K. Swoope not being a party to this suit, it is clear that so much of his answer that "he had lost heavily on him individually" was subject to the objection interposed. The insistence in the appellant's brief that the exclusion of this testimony left the appellant without any evidence denying the payment of the note before the jury is not borne out by the record; for in answer to the seventh direct interrogatory, the witness Swoope testified:

"John Terry never made me any payment of any amount or character on said note."

In response to the eighth interrogatory, he testified:

"He made no payments out of his crop or otherwise, on this note. The only payments ever made on the note were made by Henry Peebles, as before stated. And in answer to the fourth interrogatory, he testified that there had been only $50 of the principal and $4 interest paid on the note, which left a balance of $50, and interest from that time, due on said note."

It is therefore apparent that the question of payment was clearly in issue, and was properly submitted to the jury.

[3] Assignments of error 3, 4, and 5 are based upon the ruling of the court in the giving of special charge A, requested by the de-

fendant, and the refusal of special charges 1 and 2, requested by the plaintiff. These charges appear only in the bill of exceptions, and not in the record proper, as the law requires (General Acts 1915, p. 815), and therefore cannot be considered by this court. Mobile Light & Railroad Co. v. Elijah Thomas, ante, p. 313, 77 South. 463, and cases cited.

The judgment of the lower court is affirmed.

Affirmed.