# Western Union Telegragh Co. v. Walker.

*Damages for Failure to Deliver Telegram.*

(Decided Dec. 17, 1908. 48 South. 102.)

1. *Appeal and Error; Harmless Error; Demurrer.*—Any error in overruling demurrer to complaint for variance was harmless where the defendant reaped the full benefit in a charge absolving it from liability if the telegram was sent and properly mailed.

2. *Principal and Agent; Telegram; Undisclosed Principal.*—An undisclosed principal may sue for the failure to deliver telegram to his agent where the telegram is sent to his agent by one acting as his agent in the sending of the telegram.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MULLER.

Action by Charles D. Walker against the Western Union Telegraph Company for the negligent transmission of a telegram. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is in the following language: "Plaintiff claims of defendant $500 as damages, for that heretofore, on, to wit, the 27th day of March, 1903, said defendant, a corporation as aforesaid, was in the control and operation of a line of telegraphs running through Hale county, Ala., and held itself out to the public on said day as willing and ready to transmit telegraphic messages over said line for all persons complying with its reasonable rules and regulations, and who would pay it the compensation charged by it for the transmission of said messages; and plaintiff avers that on the 27th day of March, one Robert Poellnitz, who, plaintiff avers, was the agent of plaintiff, for the purpose of sending said message, filed with the defendant, in compliance with its reasonable rules and regulations

for transmission by it, a message in words and figures
substantially as follows: 'Jesse Pauley, Myrtlewood,
Alabama.  Mail at Linden.  River sixty-one and a half
feet at Tuscaloosa rising foot an hour.  Robert Poellnitz'
—and paid to defendant the sum charged by it for trans-
mitting said message, which sum said defendant received
and still retains.  And plaintiff avers that said message
was delivered to said defendant at his office in Greens-
boro, Ala., on, to wit, the 27th day of March, 1903, by
said Robert Poellnitz, and that the said defendant there-
upon accepted the same for transmission to the addres-
see therein.  And plaintiff avers that said defendant
owed him the duty to promptly transmit and deliver
said message, and he avers that said defendant negli-
gently failed to deliver said message to said Jesse Pau-
ley, the addressee therein.  And plaintiff avers that said
Jesse Pauley was the agent of plaintiff for the purpose
of pasturing stock belonging to plaintiff.  And he avers
that said stock was pastured near the river, and that he
had previously instructed and agreed with said Pauley
that he would have said Pauley informed of the condi-
tion of said river, and instructed said Pauley in the event
said river became dangerously high to remove said cat-
tle from dangerous proximity to said river.  And he
avers that said telegram was intended to inform said
Pauley of the dangerous condition of said river, but that,
on account of the negligent failure of defendant to de-
liver said message to said Pauley, he had no notice of
the condition of said river, and did not remove said
stock from the neighborhood of said river.  And plain-
tiff avers that the river overflowed its banks on, to with,
the 30th day of March, 1903, and one yoke of steers,
of the value of $100, the property of the plaintiff, then
in the care of said Jesse Pauley, were drowned, to the
damage of plaintiff in the sum of $100, for the recovery

of which he brings this suit. And plaintiff avers that said loss and damage was occasioned by the negligent failure of the defendant to deliver said message to said Pauley, and that if said message had been promptly delivered to said Pauley said loss would not have occurred."

The following demurrers were interposed: "(1) It does not show any causal connection between the injury alleged and the negligence averred. (2) The court is ex contractu, and shows no actual damages. (3) The count sets out a contract, and avers a breach of the same, which breach is outside the terms of the contract. (4) The contract sued on shows that the message was to be mailed at Linden to Myrtlewood, yet said count avers the breach to be that the said message was not delivered at Myrtlewood. (5) It fails to aver that the failure of defendant to transmit and deliver the message was the proximate cause of the damage claimed. (6) Said complaint does not aver that plaintiff was ignorant of the rise in the river. (7) It shows on its face that the contract between plaintiff and defendant was to mail said telegram at Linden, yet it fails to aver that defendant failed to mail said telegram at Linden. (8) It fails to aver or show that if said telegram had been promptly transmitted to plaintiff at Myrtlewood, it would have reached him in time to prevent the loss claimed. (9) The complaint shows that the contract made was between defendant and a third person. (10) It shows that Poellnitz was simply acting under an agreement with plaintiff, and not as his agent. (11) It does not aver or show that said river was in a dangerous condition at the time said telegram was sent, or during the time when it should have been transmitted. (12) Said complaint shows that the contract entered into by defendant was to transmit a message, and not to deliver

it; yet said complaint claims damages for a failure to transmit and deliver." · Motion was made to strike certian parts of the complaint, based on the grounds set out in the demurrers.

The charge referred to as curing the error is as follows: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that when the telegram was received at Linden, if you are reasonably satisfied that it was so received, that it was placed in an envelope, stamped and addressed to Jesse Pauley at Myrtlewood, and deposited in the postoffice at Linden without delay, then the defendant had performed its duty, and the plaintiff cannot recover."

There was judgment for plaintiff in the sum of $112.12.

PETTUS, JEFFRIES & PETTUS, for appellant. The allegation of the breach must obviously be governed by the nature of the stipulation.—1 Chitty on Pleading (8th Am. Ed.) p. 331. There can be no doubt about the fact that the appellant could not be held for the negligence of the postoffice authorities.—*Withers v. Knox*, 4 Ala. 138; 4 Ency P. & P. p. 939. The charges are not shown by the bill of exceptions, and therefore, cannot be considered for the purpose of curing error committed in the pleading.—*Ala. Const. Co. v. Wagnon*, 137 Ala. 388; *Nnuckles v. The State*, 109 Ala. 2; *Southern Ry. v. Yancey*, 141 Ala. 246; *Lunsford v. Bailey*, 142 Ala. 319. The appellee was not a party to the contract between the appellant and Poellnitz.

DEGRAFFENRIED & EVINS, for appellee. If the court erred in construing the complaint this error was cured by the charges given, as the charges limited the liability of the defendant to the stipulations of the contract.—

*Fuqua v. Gamble,* 37 South. 235; *Hess v. Heydt Bakery Co.* 108 S. W. 68. The plaintiff had a right to sue under the contract.—*Manker v. W. U. Tel. Co.,* 137 Ala. 292; *W. U. Tel. Co. v. Millsap,* 135 Ala. 417; *Bell v. Reynolds,* 78 Ala. 511; 5 Am. St. Rep. 672; 60 Am. Dec. 618; 25 A. & E. Ency of Law, 828. The transmission means the delivery.—87 Mo. App. 553; 84 Ind. 176.

SIMPSON, J.—This was an action for damages for failure to deliver a telegram. There is no bill of exceptions, and the only question raised relates to the overruling of a demurrer to the complaint.

The appellant insists that said demurrer should have been sustained, because the telegram, as set out in the complaint, shows that the only obligation on the defendant was to transmit the message to Linden and there place it in the mail, while the breach alleged is that said company "failed to deliver said message to the said Jesse Pauley, the addressee therein." If there was error in this ruling, it was without injury, as the defendant had the benefit of the construction of the telegram contended for under the charge of the court.—*W. U. Tel. Co. v. Pauley,* 157 Ala. 615, 47 South. 654.

The record does not raise the question whether every one whose stock was lost by the overflowing of the river could sue and recover on account of the failure to deliver. The complaint alleges that the party to whom the telegram was addressed was complainant's agent, in care of the stock, with instructions what to do when warned that the river was rising, and that the sender of the message also was his agent for the purpose of sending warning. The rule that an undisclosed principal can sue for failure to deliver a telegram sent by his agent applies where the message is sent by the agent, for the principal, to a third person.—Thompson on Law of Electricity, § 433.

It may be further said that there is no cause of demurrer which specifically raises this point. The eleventh cause raises merely the point that the contract was not made with the plaintiff, and the complaint alleges that the message was sent by the agent of the plaintiff.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.