[No. 2116. Decided September 26, 1896.]

LESTER TURNER *et al.*, *Appellants*, v. SAMUEL CALD-
WELL, *Sheriff*, *et al.*, *Respondents*.

CHATTEL MORTGAGES — REMOVAL OF PROPERTY FROM COUNTY — FAIL-
URE TO RECORD MORTGAGE.

Under Gen. Stat., § 1649, which provides that when mortgaged
personal property is removed from the county, it is, except as
between the parties, exempted from the operation of the mortgage,
unless, within thirty days after such removal, the mortgage is
recorded in the county to which the property has been taken, one
who acquires such property more than thirty days after its removal
to another county is entitled to the possession thereof, when the
mortgage had not been recorded in such county, although such
subsequent purchaser had knowledge of the incumbrance and the
property had been removed from the county of its location when
mortgaged without the knowledge or consent of the mortgagee.

Appeal from Superior Court, Mason County.—HON.
MASON IRWIN, Judge. Affirmed.

*Kiefer & Balliet,* for appellants.
*John C. Kleber,* for respondents.

*Per Curiam.*—The appellants' claim to the property
in controversy in this action is founded upon a chattel
mortgage which was executed in King county where
the property was then situate. Said property was
subsequently taken to Chehalis county and the mort-
gage was also recorded there. Thereafter it was re-
moved from Chehalis county to Mason county, and
remained there until levied upon by the sheriff by
virtue of an execution in favor of respondent Hart,
which levy was made long after the period of thirty
days from the time of the removal of the horses to
Mason county had expired. The mortgage was never
filed for record in Mason county.

Appellants contend that the property was surreptitiously taken from Chehalis county to Mason county without their knowledge or consent. They furthermore offered to show that the respondents, at the time of the levy, knew of the existence of the mortgage. We are of the opinion that this was insufficient to sustain appellants' claim. The statute (§ 1649, Gen. Stat.) provides that when personal property is removed from the county, it is, except as between the parties to the mortgage, exempted from its operation unless within thirty days after such removal the mortgage is recorded in the county to which the property has been taken, etc.; and this without regard to any knowledge of the existence of such mortgage by the parties subsequently claiming the property. The obligation was upon the mortgagee to keep track of the mortgaged property and see that the same was not taken from the county where it was mortgaged, or that the mortgage lien was preserved as pointed out by the statute.

Affirmed.