[No. 3978.   Decided November 29, 1901.]

MINNIE THOMPSON RECTOR, as *Administratrix, Respondent, v. SIDNEY THOMPSON et al., Appellants.*

CONVERSION — EVIDENCE — ADMISSIBILITY.

In an action for the conversion of cattle, a letter by plaintiff's attorneys to some of the defendants who had possession of them, that the cattle had been stolen and that steps would be taken to recover their value unless surrendered to the owner, is admissible in evidence to show notice, although containing irrelevant and incompetent matters, which had already been excluded as incompetent.

SAME — LIABILITY OF RECEIVERS OF STOLEN PROPERTY.

The fact that the original taking was by one of the defendants who shipped the cattle by rail consigned to himself to be delivered at the stock yards of the other defendants, would not entitle the latter to a non-suit, where they had actual notice that the original taking was wrongful.

CHANGE OF VENUE — TIMELINESS OF MOTION.

A motion for a change of venue comes too late, where it is interposed at the close of plaintiff's case, upon the dismissal from the case of the only defendant residing in the county where the trial was had, when there is no showing that such defendant had been made a party in bad faith for the purpose of enabling the venue to be laid in such county, since Bal. Code, § 4856, provides that a defendant entitled to a change of venue must apply therefor "at the time he appears and demurs or answers."

Appeal from Superior Court, Lewis County.—Hon. HENRY S. ELLIOTT, Judge.   Affirmed.

*John A. Parker, M. A. Langhorne* and *Forney & Ponder,* for appellants.

*Reynolds Stewart,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—Prior to the death of Emma M. Thompson, she and her husband, C. C. Thompson, were the owners and in possession of certain cattle described in the complaint and in controversy herein. On February 20, 1900, said Emma M. Thompson and her husband executed a bill of sale of the said cattle to their son Sidney Thompson in consideration that said Sidney Thompson should care for them and their two minor children during the lives of the grantors and during the minority of said minors. A short time after the execution of this bill of sale, said Emma M. Thompson died, and her husband, C. C. Thompson, was adjudged *non compos mentis.* The two minors, with their father, were taken in charge by the plaintiff, a married daughter of said Emma M. and C. C. Thompson. On July 16, 1900, plaintiff, upon petition therefor, was appointed administratrix of the estate of Emma M. Thompson, deceased, and guardian of the person and estate of said C. C. Thompson, *non compos mentis.* Prior to, and also at the time of, the appointment of plaintiff as administratrix and guardian, as aforesaid, said Sidney Thompson renounced the contract above referred to, and told plaintiff to take possession of the cattle above mentioned, which she did immediately upon her appointment as administratrix. On or about the 7th day of July, 1900, some three months after. Mrs. Rector had taken charge of said cattle, Sidney Thompson, together with the defendant Stock and others, without the knowledge or consent of plaintiff, took the said cattle from the pasture in

which they were kept, in Lewis county, and shipped them to Tacoma, Washington. On the next day the cattle were found in possession of defendants Kneeland & Spofford, who refused to surrender possession thereof to plaintiff. This action was thereupon brought against all the defendants named, for the value of said cattle. At the trial, after plaintiff had rested her case, the court, upon defendant's motion, granted a non-suit as to the defendant Colvin. A verdict was returned by a jury for $800 against the other defendants, and judgment entered thereon. Defendants appeal.

At the trial plaintiff offered in evidence, and the court over objection of the defendants admitted, a letter written by Reynolds & Stewart, the plaintiff's attorneys, on July 9, 1900, to defendants Kneeland & Spofford, who at that time had possession of the said cattle. This letter advised said defendants that the cattle had been stolen and that legal steps would be taken to obtain the same or their value. It is insisted that, because the letter referred to a conversation over the telephone between the writer and one of said defendants, it was error to admit it, because the telephone conversation had already been excluded by the court. The letter was clearly admissible. The fact that it may have contained irrelevant or incompetent matters would not exclude it as evidence of the facts which plaintiff was entitled to show. The letter was evidence of notice to those defendants that the cattle had been stolen, and that steps would be taken to recover the value thereof unless surrendered to the owner. This knowledge and refusal to return the property to the true owner fix the liability of those defendants. Cooley, Torts (2d ed.), p. 524 et seq.; 2 Am. & Eng. Enc. Law, 62; 4 Am. & Eng. Enc. Law, 112.

At the close of plaintiff's case in chief, defendants Knee-land & Spofford moved for a non-suit, which was denied by the court. This ruling is assigned as error. It appears from the evidence that these two defendants had nothing to do with the original taking, but that the cattle were shipped by defendant Stock to himself, at Tacoma, delivered by the railway company in the stock yard of Kneeland & Spofford, and left in charge of Kneeland & Spofford. It is insisted that, even if there was a conversion on their part, it was a different conversion from the one charged in the complaint, inasmuch as Kneeland & Spofford were not connected with the original wrongful taking. This contention cannot be sustained. The letter above referred to notified Kneeland & Spofford of the fact that the property was stolen, and when they refused to return the property to its lawful owner they thereby became liable for its conversion. Cooley, Torts (2d ed.), p. 156. That this conversion was at a different time and place from the original conversion of which the other defendants were guilty was immaterial.

Counsel have assigned as error the refusal of the court to give certain instructions asked by the defendants, and the giving of certain others. This assignment is not argued in the brief except in regard to the questions herein already considered. The instructions given by the court were clear and correct statements of the law relative to the liability of defendants, and the proof required to establish the same, and we shall not discuss this assignment further.

It is insisted that the court erred in refusing to change the place of trial upon defendants' motion. The defendants Kneeland & Spofford and Stock, at the time the action was commenced and at the time of the trial, were residents of Pierce county. Defendant Thompson was a resi-

dent of Thurston county. Defendant Colvin was the only resident of Lewis county. The action was brought in Lewis county. Before answer, and by special appearance, defendants moved the court for a change of venue, which motion, on account of irregularities therein, was not considered upon its merits, and was denied for that reason. At the close of plaintiff's case the defendant Colvin, on his motion therefor, was dismissed from the case. The other defendants thereupon moved orally for a change of venue to Pierce county, upon the ground that they were all non-residents of Lewis county. This motion came too late. Section 4856, Bal. Code, provides that when the county in which the action is brought is not the proper county the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and demurs or answers, demands that the trial be had in the proper county. It is too late, after all the issues are made up and the cause has proceeded to trial, and the plaintiff has proven his case to the jury, to make this demand. It is claimed, however, that the defendant Colvin was not made a party in good faith, but was made a party defendant solely for the purpose of having the case tried in Lewis county, and of defeating the change of venue therefrom. We have no doubt that, where a party is made a defendant without any cause therefor, and in bad faith, for the purpose only of prosecuting the case in a particular county where none of the real parties in interest reside, a change of venue may be granted, upon a timely and sufficient showing of such fact. There is, however, nothing in the record to show this state of facts. At the close of plaintiff's case, upon Colvin's motion, the action was dismissed as to him, because plaintiff had failed to connect him with the taking or with possession of the property in dispute.

There is no other evidence in the record of bad faith in making Colvin a party. On the other hand, there is some evidence of the fact that Colvin was assisting in driving the cattle away, and that Colvin's employee assisted in the original taking.

Finding no error in the record, the cause must be affirmed.

REAVIS, C. J., and FULLERTON, ANDERS, DUNBAR, WHITE and HADLEY, JJ., concur.