[No. 6051. Decided October 15, 1906.]

M. W. MERRITT *et al.*, *Respondents*, v. RUSSELL & COMPANY, *Appellant.*[1]

CHATTEL MORTGAGES—RECORDING—REMOVAL TO ANOTHER COUNTY—
STATUTES—REPEAL—CONSTRUCTION. Bal. Code, § 4559, providing that
mortgaged chattels removed to another county shall be discharged
from the lien, as against third persons, unless within thirty days the
mortgagee takes possession or records the mortgage in the new
county, is not impliedly repealed by Laws 1899, p. 157, covering the
subject of recording chattel mortgages, but making no provision for
a second recording of removed property; since it is not repugnant
to the later act, and repeals by implication are not favored.

Appeal from a judgment of the superior court for Spo-
kane county, Carey, J., entered September 16, 1905, in favor
of the plaintiff, after a trial on the merits before the court
without a jury, in an action by a purchaser to enjoin the sale
of property under a chattel mortgage. Affirmed.

*James A. Williams* and *Denton M. Crow*, for appellant.

*Post, Avery & Higgins*, for respondents.

ROOT, J.—On August 29, 1900, one G. A. Grimes, the then
owner of certain personal property situate in Whitman county,
Washington, executed and delivered to appellant, Russell &
Company, a corporation, a chattel mortgage thereon, which
chattel mortgage was filed in the office of the auditor of Whit-
man county, Washington, the county in which the property
then was situate, on September 12, 1900. Some time after
the filing of the chattel mortgage, the mortgaged property
was removed by Grimes to Spokane county, and was, on June
9, 1902, purchased by respondents, who had no notice of ap-
pellant's mortgage except such notice as was given by the
filing in Whitman county. Appellant's mortgage was not

[1]Reported in 87 Pac. 70.

filed in Spokane county until after the purchase by respond-ents. On May 16, 1904, appellant placed a certified copy of its chattel mortgage in the hands of the sheriff of Spokane county and delivered to such officer notice of mortgage sale, and the sheriff was advertising the property to be sold under said mortgage when this action was begun by respondents to enjoin the sale. Upon a trial, judgment was entered in favor of respondents, adjudging that they were the owners of the property, freed from any lien under appellant's mortgage.

The only question which arises on this appeal is, was the filing of appellant's mortgage in Whitman county sufficient notice to charge respondents with constructive notice when purchasing the property after its removal to Spokane county? Bal. Code, § 4559 (P. C. § 6532), enacted in 1879, reads as follows:

"A mortgage of personal property must be recorded in the office of the county auditor of the county in which the mortgaged property is situated, in a book kept exclusively for that purpose. When personal property mortgaged is thereafter removed from the county in which it is situated, it is, except as between the parties to the mortgage, exempted from the operation thereof unless either:

"(1) The mortgagee within thirty days after such re-moval causes the mortgage to be recorded in the county to which the property has been removed; or  .  .  .

"(3) The mortgagee within thirty days after such re-moval takes possession of the property;  .  .  ."

Appellant contends that this section of the statute is re-pealed by the act of March 13, 1899 (Laws 1899, p. 157, ch. 98). The act just mentioned contains no repealing clause, and contains no provision for recording a chattel mortgage other than in the county where the property ex-ists at the time of the execution of the mortgage. There is no direction as to what shall be done in case the property mortgaged is removed from the county where the mortgage was made and filed. The only reference to property existing

in more than one county is found in § 7, which reads as
follows:

"That in case the property mortgaged exists in two or
more counties, a copy of such mortgage may be filed in each
of such counties with like force and effect as the original
mortgage."

This section evidently refers only to the property which ex-
ists in two or more counties at the time of the execution of
the mortgage. Section 3 of said act, among other things,
said:

"Every mortgage filed and indexed in pursuance of this
act shall be held and considered to be full and sufficient
notice to all the world, of the existence and conditions there-
of . . ."

It is appellant's contention that, under this section, the fil-
ing and indexing of a mortgage in Whitman county, where
the property existed at the time the mortgage was executed,
constituted constructive notice to the respondents, and to all
other persons, of the existence and the conditions of said mort-
gage. Whether or not this is true must depend upon the
question as to whether or not said § 4559 is repealed by the
act of 1899. The latter act not purporting to cover the
entire subject-matter of the former statute, and having no
repealing clause, and repeals by implication not being fav-
ored, it follows that the provision in § 4559 for the record-
ing of the mortgage in the county to which the property has
been removed is still in force, unless there be something in
the act of 1899 repugnant thereto. We can find in the
latter act no such inconsistent provision. Therefore, the
appellant not having within thirty days after the removal
of the property from Whitman to Spokane county caused
the mortgage to be recorded in the latter county, and not
having within said period taken possession of the same, its
lien thereupon, as against these respondents who purchased

the property in good faith and without knowledge of the mortgage, became ineffectual.

The judgment of the trial court is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.

CROW, J., having been of counsel, took no part.