[No. 14858.  *En Banc.*  August 27, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Thomas* *Keyes, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *W. A. Huneke, Judge*, *Respondent*.[1]

VENUE—RESIDENCE OF DEFENDANT—RIGHT TO CHANGE—CODEFEND-ANTS.  Where a change of venue to the county of the defendant's residence, upon a showing that codefendants were joined merely for the purpose of retaining venue, was denied with leave to renew· the motion if at the trial no relief is claimed against the other de-fendants, defendant is entitled to the change of venue, after appeal and remand, where the codefendants had absconded or were in-solvent and had been eliminated by the judgment without the trial of any real issue, leaving the real controversy to be tried out against him as sole defendant.

Application filed in the supreme court May 17, 1918, for a writ of prohibition to the superior court for Spo-kane county, Huneke, J., to prohibit the court from re-·taining jurisdiction, and to compel the granting of a motion for a change of venue to the county of the re-·lator's residence.  Writ granted.

*McCroskey & Stotler* and *Voorhees & Canfield*, for relator.

, *Danson, Williams & Danson (George D. Lantz*, of counsel), for respondent.

MACKINTOSH, J.—The relator has petitioned to pro-hibit the superior court for Spokane county from pro-ceeding to the trial of a case in which he is the defend-·ant and the Washington Trust Company is plaintiff. The history of this action may be summarized as fol-lows:  The relator is a resident of Whitman county, Washington, and is the maker of a promissory note

[1] Reported in 174 Pac. 646.

which is indorsed by the McCarthy Auto Company and L. D. McCarthy. In September, 1913, the Washington Trust Company began an action in the superior court for Spokane county upon this note, against the relator and the McCarthy Auto Company and L. D. McCarthy. At the time of the commencement of the action, McCarthy, who had previously been a resident of Spokane county, had absconded from the state of Washington, and was absent therefrom, and the McCarthy Auto Company, which had its principal place of business in Spokane county, was insolvent and in the hands of a receiver. After the summons and complaint had been served upon the relator at his residence in Whitman county, he appeared in the action, demurred to the complaint and, at the same time, filed an affidavit of merits and demanded that the trial be transferred to the county of his residence, alleging in his affidavit for change of venue that the McCarthy Auto Company and McCarthy were in collusion with the plaintiff and were joined as defendants for the sole purpose of attempting to retain the venue of the action in Spokane county; that McCarthy and the auto company were insolvent, and that no judgment, if obtained against them, could be collected; further alleging that suit had already been waged by the Washington Trust Company against the relator and McCarthy company and McCarthy upon a note, which was one of the same series as the one in controversy here, and that in that prior action McCarthy and the auto company had acted in collusion with the Trust company, and that in the prior action no judgment was sought against McCarthy or the company, and that the attorneys for the Washington Trust Company were the attorneys for the receiver of the McCarthy company. This motion for a change of venue was denied, the court, however, including in the order "if no relief is claimed

against the other defendants at the time of trial, then leave will be granted to renew the motion." Subsequently the McCarthy Auto Company and L. D. McCarthy jointly answered the complaint, denying the material allegations thereof in this manner, "deny that they have any information sufficient to believe." The relator answered the complaint, setting forth various matters, which raised the only issue in controversy in the action. After the issues had been joined between the Washington Trust Company and the relator, and after the McCarthy answer had been served and prior to the trial, the relator renewed his motion for change of venue upon the ground that there was no controversy between the Washington Trust Company and McCarthy and the McCarthy Auto Company, but that they were joined in the action merely for the purpose of retaining the venue in Spokane county, and that their answer was sham and frivolous, and that the Washington Trust Company was entitled to judgment against them upon their answer. This motion was also denied, but the right was reserved to the relator to renew it, "if no relief is claimed against the other defendants at the time of trial." The action proceeded to trial and resulted in the jury returning a verdict in favor of the Washington Trust Company and against the McCarthy Auto Company and L. D. McCarthy, but in favor of relator. No evidence was introduced upon the trial in behalf of either McCarthy or the company. Upon a motion for judgment notwithstanding the verdict, judgment was entered in favor of the Washington Trust Company against the relator, from which he appealed to this court, and the action of the lower court was reversed. Upon the return of the remittitur to the superior court for Spokane county, a motion for a new trial was granted as to the relator.

No effort has been made to collect the judgment against McCarthy and the auto company, and no execution has been issued thereon. The relator renewed his motion for a change of venue on the ground that, as the action now stands, he is the only defendant in the case and, being a resident of Whitman county, is entitled to have the trial held in that county. The trial court having denied that motion, he comes here for this writ.

The judgment of the Washington Trust Company against McCarthy and the McCarthy Auto Company never having been appealed from or reversed is in full force and effect, and no issue exists as to them in the case of the Washington Trust Co. v. Keyes, and neither of them are now interested in any issue involved in the case. Under the orders denying the two motions made for a change of venue, which provided that ''if no relief is claimed against the other defendants at the time of trial, then leave be granted to renew said motion,'' the relator is entitled to a renewal of the motion at this time for the reason that the trial which took place having set aside the leave granted to renew the motions applies to the trial about to take place, in which no relief is claimed against the other defendants. The action now stands as it would have originally had there been no defendant other than the relator, for it is apparent that McCarthy and his company were never seriously considered as defendants in the action. Their financial condition, the fact that McCarthy himself was an absconding debtor, that a sham and frivolous answer was interposed, and that no effort has ever been made to collect the judgment and that there is no denial that the judgment never was collectible, all indicate that they were merely included as defendants for the purpose of anchoring the action in Spokane county. And, now that they have been elim-

inated, the real controversy in the suit should be tried out where the real defendant, under the statute, is entitled to have it tried. We have decided in *State ex rel. Cummings v. Superior Court,* 5 Wash. 518, 32 Pac. 457, 771, and in *State ex rel. Martin v. Superior Court,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F 905, that:

"While it may in general terms be referred to as a privilege, the claim for a change of venue, when once asserted, no question of fact being involved and no discretion of the court invoked, is more than a privilege; it is a right. It has been so held whenever and wherever this court has been called to pass upon the question."

In *State ex rel. Stewart & Holmes Drug Co. v. Superior Court,* 67 Wash. 321, 121 Pac. 460, there existed a situation somewhat similar to the one here presented. In that case the Stewart & Holmes Drug Company began an action in King county against one Ross, and at the same time began a garnishment proceeding against one Reed, whose residence was in San Juan county. No service was obtained upon Ross, and Reed appeared and made a motion for a change of venue to San Juan county, the place of his residence; the trial court, granting the motion conditioned upon the nonappearance of the principal defendant Ross, entered this order:

"The clerk of this court hold the papers in King county until the expiration of the time for appearance of the defendant Ross. If the defendant Ross appears and defends the action, the motion for a change of venue is denied. If the defendant Ross does not appear and is defaulted, then the motion for a change of venue is granted, and the clerk of the court is authorized to send all papers to the clerk of the superior court of San Juan county for trial."

This court in the opinion said:

"The residence of the defendant being in San Juan county, and it having transpired that the principal

action will not be tried upon its merits in King county, we find no reason for interfering with the order of the court, whether it be grounded upon the absolute right of a defendant . . . or upon the discretionary power of the court.''

So here, it appearing that no issue was in good faith triable between the Washington Trust Company and the McCarthy company and McCarthy, and that as a matter of fact no issue was actually tried between them, the relator is entitled as a matter of right, after the elimination of the McCarthy company and Mc-Carthy, to have the real issue in the case transferred for trial to his home county. The Washington Trust Company insists that the status at the commencement of the action, and not after the rendering of judgment against the defendants resident in Spokane county, is the status which determines the right to a change of venue, and relies upon *Rector v. Thompson,* 26 Wash. 400, 67 Pac. 86, to the following effect:

''It is insisted that the court erred in refusing to change the place of trial upon defendants' motion. The defendants Kneeland & Spofford and Stock, at the time the action was commenced and at the time of the trial, were residents of Pierce county. Defendant Thompson was a resident of Thurston county. Defendant Colvin was the only resident of Lewis county. The action was brought in Lewis county. Before answer, and by special appearance, defendants moved the court for a change of venue, which motion, on account of irregularities therein, was not considered upon its merits, and was denied for that reason. At the close of plaintiff's case the defendant Colvin, on his motion therefor, was dismissed from the case. The other defendants thereupon moved orally for a change of venue to Pierce county, upon the ground that they were all nonresidents of Lewis county. This motion came too late. Section 4856, Bal. Code, provides that when the county in which the action is brought is not the proper county the action may, notwithstanding, be

tried therein, unless the defendant at the time he appears and demurs or answers, demands that the. trial be had in the proper county. It is too late, after all the issues are made up and the cause has proceeded to trial, and the plaintiff has proven his case to the jury, to make this demand. It is claimed, however, that the defendant Colvin was not made a party in good faith, but was made a party defendant solely for the purpose of having the case tried in Lewis county, and of defeating the change of venue therefrom. We have no doubt that, where a party is made a defendant without any cause therefor, and in bad faith, for the purpose only of prosecuting the case in a particular county where none of the real parties in interest reside, a change of venue may be granted, upon a timely and sufficient showing of such fact. There is, however, nothing in the record to show this state of facts. At the close of plaintiff's case, upon Colvin's motion, the action was dismissed as to him, because plaintiff had failed to connect him with the taking or with possession of the property in dispute. There is no other evidence in the record of bad faith in making Colvin a party. On the other hand, there is some evidence of the fact that Colvin was assisting in driving the cattle away . . ."

This quotation shows that in the *Rector* case no motion for change of venue had been interposed at the time of appearing by demurrer or answer, and it furthermore shows that the defendant resident of Lewis county had been made a defendant in good faith. Neither of the reasons upon which. that decision was based exist here, and in addition, as we have already noticed, the case as it now stands is as if there never had been any defendant other than the relator. The motion for a new trial having been granted as to him alone, the writ will issue.

MAIN, C. J., MOUNT, TOLMAN, HOLCOMB, MITCHELL, FULLERTON, and CHADWICK, JJ., concur.