[No. 15320. Department One. August 7, 1919.]

FIRST NATIONAL BANK OF EVERETT, *Respondent*, v.
NORTHWEST MOTOR COMPANY, *Appellant*.[1]

CHATTEL MORTGAGES (60)—TRANSFER OF PROPERTY—LIABILITY OF PURCHASER SUBJECT TO MORTGAGE. Where an automobile was sold subject to a chattel mortgage, the purchaser took no greater rights than the mortgagor had, and is not in a position to deny the validity of the mortgage notwithstanding it was not recorded within thirty days in the county to which the automobile had been removed.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 7, 1918, upon findings in favor of the plaintiff, for a money judgment, in an action to foreclose a chattel mortgage. Affirmed.

*Kerr & McCord*, for appellant.

*J. A. Coleman* and *S. H. Kelleran*, for respondent.

MAIN, J.—The purpose of this action, as originally instituted, was to foreclose a chattel mortgage upon an automobile. The defendant Powell, who was the mortgagor, defaulted and the cause went to trial against the other defendant, the· Northwest Motor Company, a corporation, which claimed to be a purchaser from Powell. At the opening of the trial, it was stipulated

[1]Reported in 183 Pac. 81.

that, in the event the evidence showed that plaintiff was entitled to foreclosure but that foreclosure could not be had because the Northwest Motor Company had sold and transferred the car to another party, then and in that event, a money judgment should be rendered. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and a money judgment against the Northwest Motor Company, from which it appeals.

.The facts may be summarized as follows: The Northwest Motor Company, the appellant, was the general agent for western Washington for the sale of Packard automobiles, with its place of business located in Seattle. Fred M. Powell was a sub-dealer under the Northwest Motor Company, doing business in the city of Everett. In March, 1917, Powell sold to a customer what is referred to as a second series twin six Packard automobile. He took in exchange from the customer a Packard automobile of an earlier series, as a part of the purchase price. It was necessary for Powell to get the new car from the Northwest Motor Company. That company refused to extend him further credit and it was then necessary for him to finance the deal himself. For this purpose, he borrowed money from the First National Bank of Everett, the respondent, and gave a chattel mortgage upon the old car which he had received from the customer as a part payment upon the new one. After mortgaging this car and getting the money, the new car was paid for and delivered by the Northwest Motor Company to Powell or his customer.

The chattel mortgage was duly and regularly filed and recorded as required by law in the office of the county auditor of Snohomish county. The car covered by the mortgage remained in Powell's garage at Everett, in Snohomish county, until some time early in

May, 1917, when it was taken to Seattle and left with the Northwest Motor Company for sale upon Powell's account. The car remained with the Northwest Motor Company until the November following, when it was sold by that company to a third person. The chattel mortgage was not recorded in King county within thirty days after the car had been left with the Northwest Motor Company.

The Northwest Motor Company claims that it purchased the car when it was left with it in May and that title then passed. The respondent claims that title did not pass in May but that in November, just prior to the sale of the car by the appellant, it was transferred to the Northwest Motor Company by Powell, subject to an existing mortgage of $1,775, held by the First National Bank of Everett. The pivotal question in the case is whether the contentions of the appellant or those of respondent are sustained by the evidence.

It may be admitted, for the purposes of this decision, that, if the sale occurred in May, the Northwest Motor Company acquired a good title because the mortgage was not filed or recorded in King county within the thirty days specified in the statute. On the other hand, if no title then passed, but a sale occurred in November and was made subject to the mortgage held by the respondent, then the judgment of the trial court should be sustained.

Upon conflicting evidence, the trial court found the facts to be in accordance with the contentions of the respondent. A careful reading of the evidence leads us to the conclusion that the findings of the trial court are clearly right. If the property was transferred subject to the mortgage, as the trial court found and as we also find, then the appellant took no greater rights than the mortgagor had and it is not in a position to deny the validity of respondent's mortgage. 11 C. J.

651; *Nation v. Planters' & Mechanics' Bank,* 29 Okl. 819, 119 Pac. 977; *Howard v. Chase,* 104 Mass. 249.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.