[No. 16642. *En Banc.* March 20, 1922.]

JOE MULLER *et al., Appellants,* v. F. H. BARDSHAR *et al.,*
*Respondents.*[1]

CHATTEL MORTGAGES (27)—RECORDING—COUNTY. Where an automobile was sold in K. county to a resident of W. county and it was stipulated that the purchaser should not remove it from W. county, it in effect was delivered in W. county, and that was the proper place to record a chattel mortgage given for the purchase price.

SAME (28)—RECORDING—EFFECT OF REMOVAL. Under Rem. Code, § 3668 [Rem. Comp. Stat., § 3788], providing that mortgaged personal property removed from the county shall be "exempted" from the operation of the chattel mortgage unless the mortgage is recorded within thirty days in the county to which it is removed, applies to mortgaged property in W. county, purchased in I. county within thirty days after its removal to I. county, notwithstanding the purchaser knew the owner lived in W. county and did not investigate the records in W. county where the mortgage was duly recorded.

HOVEY and MITCHELL, JJ., dissenting.

Appeal from a judgment of the superior court for Island county, Bell, J., entered May 6, 1921, upon findings in favor of the defendants, after a trial to the court upon stipulated facts, in an action for equitable relief. Reversed.

*James Zylstra,* for appellants.
*Carver & Pixley,* for respondents.

HOLCOMB, J.—This is a suit in equity, brought by appellants to enjoin respondents from selling an automobile mortgaged by appellants' vendor, L. A. Morse, to respondent Bardshar.

On June 24, 1920, respondent Bardshar, at Seattle, Washington, sold the car in question to one L. A. Morse, a resident of Bellingham, Whatcom county. At that place and time, Morse paid Bardshar a portion of

[1]Reported in 205 Pac. 845.

the purchase price and gave back a chattel mortgage on the car for the balance of the unpaid purchase price. In the chattel mortgage it was stipulated that the mortgagor would not remove the property from the county of Whatcom, state of Washington. The chattel mortgage was not filed in King county, where the car was sold, but was, on June 30, 1920, and within ten days after the date of the transaction, filed for record in the office of the county auditor of Whatcom county. On July 9, 1920, appellant Joe Muller purchased the automobile, as it was stipulated and found by the trial court, for value and in good faith, in Island county, Washington, without any knowledge whatever of the chattel mortgage, but with knowledge that Morse resided in Whatcom county. He made no search of the records of Whatcom county. Bardshar learned of the removal of the car to Island county about November 17, 1920. Since July 9, 1920, the car has been in the possession of Joe Muller in Island county, and was there located when the sheriff of Island county attempted to sell the same by notice and sale, and was restrained by order of the trial court.

The case was submitted to the trial court upon stipulated facts, and judgment for the amount of the mortgage and costs was entered in favor of the respondent Bardshar and against the appellants, as plaintiff and sureties.

Appellants first contend that the mortgage should have been recorded within ten days from its date in King county, Washington, where the sale was made. We are of the opinion, however, that under the terms of the transaction, it being known that the purchaser, Morse, was a resident of Whatcom county, and it being stipulated that he was to retain possession of the car in Whatcom county, and not permit it to be removed therefrom, the parties thereto, in effect, stipulated that

the car was delivered to the purchaser in Whatcom county, the county of his residence, and that the situs of the car at the time the mortgage was given should be deemed to be Whatcom county.

The car having been delivered to Morse in Whatcom county, and the chattel mortgage filed for record within ten days after the date of the mortgage, we will assume that that was the proper place of filing the mortgage. *Stitt v. Spengel House Furnishing Co.*, 58 Colo. 559, 146 Pac. 770.

The mortgage not having been filed in Island county within thirty days after removal of the property to that county, as required by Rem. Code, § 3668[1] (P. C. § 9748), appellants contend that the lien was lost, even though the car was purchased within the thirty-day period permitted by the statute for the filing of the mortgage after the property was removed thereto.

The statute referred to is very precise. It provides:

"When personal property mortgaged is thereafter removed from the county in which it is situated, it is, except as between the parties to the mortgage, exempted from the operation thereof, unless either,— 1. The mortgagee within thirty days after such removal causes the mortgage to be recorded in the county to which the property has been removed; . . ."

Respondents contend that, since the purchase of the automobile was made within the thirty days allowed by the statute after the removal from Whatcom county, the purchaser could not claim the benefit of the statute. We are of the contrary opinion. The language used in the statute, that the property *is exempted* from the operation of the mortgage unless the mortgage is filed within thirty days after its removal, is equivalent to saying that the lien is absolutely lost

[1]NOTE: See Rem. Comp. Stat., § 3788.

as to a subsequent purchaser, or anyone except the parties to the mortgage, if the property is not followed and the mortgage filed for record within thirty days after its removal to the county. A similar case was decided in *Turner v. Caldwell*, 15 Wash. 274, 46 Pac. 235, where horses constituted the chattels mortgaged. The chattels were then situated in King county, and the mortgage recorded there. They were subsequently taken to Chehalis county, and the mortgage was also recorded there. Thereafter the chattels were removed from Chehalis county to Mason county, and remained there until levied upon by the sheriff by virtue of an execution in favor of another, which levy was made long after the period of thirty days from the time of removal of the horses to Mason county had expired. The mortgage was never filed for record in Mason county. It was attempted to be shown in that case that, at the time of the levy, the respondents knew of the existence of the mortgage. We held that that was insufficient to sustain appellant's claim. That the statute provided that, when mortgaged property is removed from the county, it is, except as to the parties to the mortgage, exempted from its operation, unless within thirty days after the date of such removal the mortgage is recorded in the county to which the property has been taken, and this without regard to any knowledge of the existence of such mortgage by the parties subsequently claiming the mortgaged chattels, precluding any relief under the mortgage; and we further held that it was the obligation of the mortgagee to keep track of the mortgaged property and see that the same was not taken from the county where it was mortgaged, or that the mortgage lien was preserved as pointed out by the statute. See, also, *Merritt v. Russell & Co.*, 44 Wash. 143, 87 Pac. 70.

". . . we are not permitted to look beyond the statute for aid in the general rules of law or equity." *Smith v. Allen,* 78 Wash. 135, 138 Pac. 683, Ann. Cas. 1915D 300.

In *First National Bank of Everett v. Northwest Motor Co.,* 108 Wash. 167, 183 Pac. 81, where we sustained the lien of a chattel mortgage upon the facts there appearing, it was said:

"It may be admitted, for the purposes of this decision, that, if the sale occurred in May, the Northwest Motor Company acquired a good title because the mortgage was not filed or recorded in King county within the thirty days specified in the statute. On the other hand, if no title then passed, but a sale occurred in November and was made subject to the mortgage held by the respondent, then the judgment of the trial court should be sustained.

"Upon conflicting evidence, the trial court found the facts to be in accordance with the contentions of the respondent."

The mortgagee in this case never filed his mortgage in Island county, where the car was taken, within the thirty days allowed by the statute, nor at any other time, and yet proceeded to sell the car under foreclosure by notice and sale in Island county, long after its removal to that county, long after the thirty days therefrom had expired, as if the lien existed there, when it did not. It had no more existence in Island county, after thirty days from the removal from Whatcom county, than if it had never been executed at all.

Had the mortgage been recorded or filed in Island county within the thirty days provided by statute, the purchaser of the car might have been able to do something to satisfy the lien with the mortgagee and protect his title.

For these reasons, we are of the opinion that the decree of the lower court was wrong and should be reversed.

Reversed with costs.

Parker, C. J., Tolman, Main, Fullerton, Bridges, and Mackintosh, JJ., concur.

Hovey, J. (dissenting)—I dissent. Morse, who held the legal title to the car and lived in Whatcom county, drove it to Island county and sold it to the appellant, who had full knowledge of Morse's residence, although he had no actual knowledge of the mortgage.

The provision of the statute relative to recording should be given a rational construction. In the first place, it recognizes that there is a valid lien by virtue of the filing at the original situs of the property, and for a full period of thirty days after removal. In the second place, the original owner is not relieved from the obligation by the failure to refile. Now the purchaser takes his title and succeeds to all the rights of the original owner while the lien is in full force, and, of course, subject to the lien, of which he has constructive notice by the original filing. His position is fixed at the time of purchase. Can he contend for a compliance with a provision which can only be effective as against parties dealing with the property after the thirty-day period has expired and which cannot have any possible effect upon him? I think not. In construing this provision we must consider its object. It is notice, constructive it is true, but nevertheless notice. Of what avail is notice after the rights are fixed? To say that the mortgagee must file his mortgage to preserve the lien as against a purchaser who buys within the thirty-day period is to sacrifice substance to form.

As against the mortgage, the original situs of the property is not changed until it is kept in the new county thirty days. This simply imposes a measure of reasonable care upon purchasers of personal property in looking to the source of their title. The filing in the new county is constructive notice to those who deal with the property after the expiration of the thirty-day period.

· The opinion of the majority is likely to facilitate fraudulent disposal. The owner can transfer property into a neighboring county, dispose of it and return to his resident county, and after the property has been so hidden for thirty days, the lien would be lost.

The case of *Davis & Co. v. Thomas*, 154 Ala. 279, 45 South. 897, is squarely in point that the mortgage need not be filed in the county of purchase, and the reasoning of the case is equally applicable on the second point in this case. "It will not do to be governed uniformly by the literal expression of the statute, for by so-doing we should many times wander entirely from the obvious intention of the legislature."

Appellants cite *Turner v. Caldwell*, 15 Wash. 274, 46 Pac. 235, but the property was purchased in that case after the thirty-day period following removal had expired.

In my opinion, the proper filing of the mortgage in Whatcom county preserved the lien for thirty days after its removal, and the purchase being made within that time, it was made while the car was subject to the lien of the mortgage, and the failure to subsequently file did not affect this transaction.

MITCHELL, J., concurs with HOVEY, J.