[No. 18653. Department Two. November 6, 1924.]

## G. ·G. SCHNELLER, *Appellant*, v. H. H. VINCENT, *Respondent*.[1]

CHATTEL MORTGAGES (28) — RECORDING — REMOVAL OF PROPERTY —RIGHT TO DAMAGES FOR CONVERSION. Where a second mortgagee of sheep, which were removed to another county, sold and converted them prior to the expiration of the thirty days allowed to the first mortgagee for recording his mortgage in the new county, he is liable in conversion for their value, although the first mortgage lien was lost subsequent to the conversion by failing to record the mortgage in the new. county.

SAME (14)—VALIDITY—DESCRIPTION OF PROPERTY — SUFFICIENCY. A second mortgagee of sheep is put on notice and cannot claim that they were insufficiently described in the first mortgage as "375 sheep being yearlings and about two years old with dot on shoulder . . . known as the Schneller sheep," where they were to his knowledge placed by the mortgagor with a large number of sheep on which he held a first mortgage.

SAME (60) — TRANSFER OF PROPERTY — ASSUMPTION OF DEBT — ORIGINAL PROMISE. A second mortgagee of sheep who agreed to pay the first mortgagee a balance due him, is not relieved from accounting for the proceeds on their sale, by reason of a provision in the first mortgage to the effect that the sale of the sheep or wool matures the note to the extent of the amount received.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 24, 1923, upon granting a nonsuit, dismissing an action for conversion. Reversed.

*John C. Hurspool* and *Cary M. Rader,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondent.

PEMBERTON, J.—This is an action for the conversion of three hundred and seventy-five head of sheep covered by chattel mortgage held by appellant against one John Paxton for $2,400. The sheep in question, at

[1]Reported in 229 Pac. 737.

the time of the execution of the mortgage, were in Franklin county, Washington. In the summer they were pastured in Umatilla county, Oregon. The chattel mortgage was filed for record in Franklin county within ten days of its execution, and also recorded in Umatilla county, Oregon. In October, 1922, the sheep were transferred to the ranch of one E. C. Burlingame, in Walla Walla county. They continued to be pastured in Umatilla county, Oregon, in the daytime, and at night they were kept in Walla Walla county. These sheep were placed with a large number of sheep on which respondent held a chattel mortgage in the sum of $50,000. The respondent knew of the existence of the mortgage of appellant. Within thirty days after the sheep had been taken to Walla Walla county, respondent sold all of them and applied the entire proceeds to the indebtedness due him from Paxton.

After the introduction of the evidence of appellant, the trial court granted a motion for a nonsuit upon the ground that appellant had failed to file the mortgage in Walla Walla county within thirty days from the time the sheep were taken to Walla Walla county. Judgment of dismissal having been entered, this appeal was taken.

It is the claim of respondent that, under the rule laid down in the case of *Muller v. Bardshar,* 119 Wash. 252, 205 Pac. 845, the mortgage was void because a copy of it was not filed in Walla Walla county within thirty days from the time the sheep were taken into that county. In that case it was said:

"The language used in the statute, that the property is exempted from the operation of the mortgage unless the mortgage is filed within thirty days after its removal, is equivalent to saying that the lien is absolutely lost as to a subsequent purchaser, or anyone except the parties to the mortgage, if the property is not fol-

lowed and the mortgage filed for record within thirty days after its removal to the county."

In this action, however, the appellant is not claiming a lien upon the property, but is endeavoring to recover for the conversion of the property. Appellant contends that there was no necessity of filing a copy of the mortgage in the county of Walla Walla after respondent had converted the property to his own use.

If appellant were endeavoring to maintain a mortgage lien upon the sheep he would be unable to do so under the rule laid down in the case of *Muller v. Bardshar, supra.* This is not the purpose of this action. Appellant may recover for the value of the sheep taken by respondent within the thirty days in which the notice of mortgage lien was to be filed under the provisions of the statute. *Himmels v. Sentous,* 91 Pac. (Cal.) 327.

It is next contended that the description of the property is not sufficient and there really was no mortgage. This description reads as follows:

"375 sheep being yearlings about two (2) year old Ewes with Dot on Shoulder being brand, with increase and wool, Said sheep being known as the Schneller sheep acquired this date from said mortgagee, heretofore held in band."

The fact that these sheep were purchased by the mortgagor and placed with a large number of sheep on which respondent held a chattel mortgage, and that these facts were known to respondent, there can be no question but what respondent was put upon notice and is presumed to know all the facts with reference to the title of these sheep that could have been ascertained by a reasonable investigation. Under these facts, the description of the property is sufficient.

It is also contended that the provision in the mortgage, "sale of sheep or wool matures note to said ex-

tent of amount so received," gave the mortgagor the right to sell the sheep, and respondent would not be liable for a failure of the mortgagor to properly account to appellant. The respondent, however, agreed to pay appellant the balance due on the mortgage. This promise is a valid agreement and must be performed regardless of the validity of the mortgage. *Bicknell v. Henry*, 69 Wash. 408, 125 Pac. 156.

The judgment of the trial court is reversed, and the cause remanded with directions to proceed to final judgment consistent with the views herein expressed.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.

FULLERTON, J. (dissenting)—In my opinion, the record does not warrant the conclusions of fact drawn by the majority, and I therefore dissent from the judgment directed.