[No. 19878.    Department Two.    August 18, 1926.]

UNION STATE BANK OF WAPATO, *Appellant*, v. WAYNE W.
WARNER *et al., Respondents.*[1]

[1] TROVER AND CONVERSION (15)—ACTIONS—JOINT LIABILITY.  The
purchaser of mortgaged chattels from the mortgagor, and a
subsequent purchaser on a resale, both with constructive no-
tice of the mortgage, duly recorded, are jointly guilty for con-
version as joint *tort feasors* where, after the resale, the identity
of the property was lost through commingling, and by other sales;
and it is immaterial that such commingling and last acts were
committed in another county by the last purchaser, after ship-
ment to him.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered November 2,
1925, dismissing an action for conversion, without
prejudice, on motion of defendants, after a trial on the
merits to the court.  Reversed.

*C. A. Norton* and *Reynolds, Ballinger & Hutson,* for
respondents.

PARKER, J.—The plaintiff bank seeks recovery of
damages which it claims to have suffered from the con-
version by the defendants Warner and Murphy, acting
jointly, of certain hay upon which it held a chattel
mortgage lien.  The case proceeded to trial in the
superior court for Yakima county.  Judgment of dis-
missal without prejudice was rendered by the court
at the conclusion of the introduction of evidence on
behalf of the bank, in response to appropriate motions
then made by counsel for Warner and Murphy.  These
motions were made and the judgment of dismissal
rendered upon the ground of failure of proof of joint
liability of the defendants.  From this disposition of

[1]Reported in 248 Pac. 394.

the case in the superior court the bank has appealed to this court.

The controlling facts are not in dispute and may be summarized as follows: In March, 1924, one Wilbur executed and delivered to appellant bank a chattel mortgage upon certain farm stock and implements owned by him, and also upon crops to be grown by him during the year 1924 upon certain described lands being farmed by him in Yakima county, to secure indebtedness then owing by him to the bank and certain additional advances to be, and which were, made to him by the bank thereafter during that year. This mortgage was duly acknowledged, had the usual affidavit of good faith in due form endorsed thereon, and was timely placed of record in the auditor's office of Yakima county. In January, 1925, at the time of the alleged conversion in question, there was owing by Wilbur to the bank upon the indebtedness secured by the mortgage approximately $2,000.

On about January 24, 1925, respondent Warner purchased from Wilbur 443 bales of hay covered by the chattel mortgage and immediately sold the same to one Rice, who was doing business in Seattle in King county, who in turn immediately sold the hay to respondent Murphy. Both of these sales were made f. o. b., at Wapato, in Yakima county, that being the shipping station at which the hay was received from Wilbur. In pursuance of orders from Rice, Warner caused the hay to be shipped to Murphy at Auburn, in King county, who received it in due course. Soon thereafter, Murphy disposed of the hay to others, and thereby its identity became lost, resulting in the bank's mortgage lien becoming impossible of enforcement as against the hay.

Thereafter the bank commenced a foreclosure action in the superior court for Yakima county against Wil-

bur seeking a decree directing sale of the remaining mortgaged property which could be found in Yakima county. Such decree was accordingly rendered on July 28, 1925, directing sale of the portion of the mortgaged property to be found in Yakima county, and that the proceeds be applied towards the payment of the secured indebtedness, then amounting to approximately $2,000. The sheriff of Yakima county soon thereafter, in pursuance of the decree, sold all of the' mortgaged property which he was able to find in Yakima county, receiving therefor $250 and no more. This is all that the bank has received on the portion of the indebtedness remaining unpaid at the time of the rendering of the decree of foreclosure, and the bank has thus been damaged by the conversion of the hay and the consequent loss of its mortgage lien thereon to the extent of the value of the hay, which is conceded to have been, at the time of the conversion, $407.28.

Soon thereafter, this action was commenced by the bank against Warner and Murphy, it alleging conversion by them as follows:

"That between the 20th and 24th day of January, 1925, both dates inclusive, defendants herein conveyed, converted, eloigned, and transported away 443 bales of alfalfa hay, weighing 58,185 pounds which was grown by the said Wilburs upon the land above described which was mortgaged to the plaintiff to secure the indebtedness above set forth."

Manifestly, the conversion was so alleged to be in effect jointly by Warner and Murphy to make sure that the complaint would not be subject to attack because of misjoinder of parties defendant; counsel for the bank manifestly having in mind the general rule that, in order to sue Warner and Murphy jointly, they must be charged as joint tort feasors.

We have seen that the judgment of dismissal was asked for and awarded upon the ground of failure of proof of joint conversion by Warner and Murphy; the theory of the trial court and counsel for Warner and Murphy being that the evidence showed them to be separately, and not jointly, liable, if at all, as for separate conversions, that is, as for separate torts, and that hence there was an entire failure of proof to support the cause of action set up in the complaint.

We shall assume, as counsel for Warner and Murphy insist, that, under the general rule, for the bank to successfully maintain this action against Warner and Murphy jointly, the bank must prove a joint conversion by them; so, if our inquiry calls for the conclusion that they are so jointly liable, it seems plain that we need go no further in our present inquiry, and that the judgment of dismissal must be reversed.

[1] We think it must be held that it now *prima facie* appears from this record that Warner and Murphy did, in a legal sense, act jointly in the conversion of the hay. They both took the hay with constructive notice, which in law is as effective as actual notice, of the bank's mortgage rights, the mortgage being duly executed and of record in Yakima county, where both Warner and Murphy received the hay f. o. b. The same would be true, we think, were we to view Murphy's receipt of the hay as having occurred in King county, since he physically received it there, knowing it had come from Yakima county, and completed his conversion of it in King county, by disposition of it there, long before the time the bank was by law required to have its mortgage placed of record in King county, looking to the protection of its mortgage lien as against the hay, in that county. *Schneller v. Vincent,* 131 Wash. 238, 229 Pac. 737. It may be conceded that, in a legal sense, Warner acquired title to

the hay before Rice or Murphy acquired title to the hay; but that, it seems to us, according to the weight of authority, does not prevent their being jointly liable as for a joint conversion, though as joint tort feasors the bank might have elected to sue only one of them.

If there be any seeming confusion or conflict in the decisions touching our present problem, it seems to us such confusion or conflict would arise in the mind of the reader only because of his want of critical examination of the decisions. In *Lefkovitz v. Lester*, 11 Ala. App. 504, 66 So. 894, it was held that a purchase of mortgaged property from a mortgagor, the purchaser having knowledge, actual or constructive, of the existence of the mortgagee's rights, constitutes a conversion of the property by the purchaser as well as by the mortgagor, rendering them both liable as joint tort feasors. In so holding the court said:

"If the cotton was converted by a sale of it in which each of the defendants participated, one as the seller and the other as the purchaser of it, both having notice of the plaintiff's rights, a joint action was maintainable against them for the wrongful act. *Pippin v. Farmers Warehouse Co.*, 167 Ala. 162, 51 South. 882; *Powell et al. v. Thompson*, 80 Ala. 51. A different rule is not stated in the opinion in the case of *Larkins & Moore v. Eckwurzel*, 42 Ala. 322, 94 Am. Dec. 651, upon which counsel for the appellants rely. That was a case of a joint action in trover brought against the seller and the buyer of a chattel, where the latter was a bona fide purchaser, without knowledge or notice of the plaintiff's rights. In the case at bar the record of the mortgage charged the buyer with notice of the plaintiff's rights under the mortgage, and he was in no position to claim protection as a bona fide purchaser without notice. *Chadwick v. Russell*, 117 Ala. 290, 23 South. 524; Code § 3386."

Later, in *Baker v. Lauderdale & Worthy*, 14 Ala. App. 224, 69 So. 299, that court held that a sale of

mortgaged property by a mortgagee and thereafter a sale by that purchaser to another purchaser, all of them having notice of the mortgagor's rights, would render them all liable for the conversion as joint tort feasors. That, it seems to us, is exactly this case. The following decisions lend strong support to the view of the Alabama court, though capable of being slightly differentiated in their facts from the situation here presented: *Western Union Tel. Co. v. Franklin Const. Co.,* 70 N. H. 37, 47 Atl. 616; *Wright v. Wilson,* 179 Ill. App. 630; *Mier v. Southern California Ice Co.,* 56 Cal. App. 512, 206 Pac. 83.

Turning now to our own decisions, we find that they lend support to this view of the law. In *Rector v. Thompson,* 26 Wash. 400, 67 Pac. 86, there was involved a conversion of cattle by one person and the sale by him to another, and this was held to be a joint conversion by the two, rendering them liable as joint tort feasors and suable as such in one action. In so holding, Judge Mount speaking for the court said:

"At the close of plaintiff's case in chief, defendants Kneeland & Spofford moved for a non-suit, which was denied by the court. This ruling is assigned as error. It appears from the evidence that these two defendants had nothing to do with the original taking, but that the cattle were shipped by defendant Stock to himself, at Tacoma, delivered by the railway company in the stock yard of Kneeland & Spofford, and left in charge of Kneeland & Spofford. It is insisted that, even if there was a conversion on their part, it was a different conversion from the one charged in the complaint, inasmuch as Kneeland & Spofford were not connected with the original wrongful taking. This contention cannot be sustained. The letter above referred to notified Kneeland & Spofford of the fact that the property was stolen, and when they refused to return the property to its lawful owner they thereby became liable for its

conversion. Cooley, Torts (2d ed.), p. 156. That this conversion was at a different time and place from the original conversion of which the other defendants were guilty was immaterial.''

Observations lending some further support to our conclusion are to be found in our decisions in *Larson v. Hodge,* 100 Wash. 419, 171 Pac. 251, and *Arnold v. Peasley,* 128 Wash. 176, 222 Pac. 472. The theory of the law seems to be, that all who take and appropriate property in defiance of the title or lien rights of others therein, with knowledge of such title or lien rights, become joint converters of the property, if such converters are connected in their dealings with the property by receiving successive assumed transfers thereof from the original converters, as well as if they all act directly together in the original conversion.

We are of the opinion that the record so far made in this case shows a conversion of the hay by Warner and Murphy, acting jointly, rendering them liable as joint tort feasors and hence suable for damages therefor in this one action, and that, therefore, the trial court erred in rendering its judgment of dismissal upon the theory that they were not jointly liable, but only separately liable, if at all.

Some contention is made in behalf of Warner and Murphy that this action must, in any event, fail because of want of proof of the hay in question being hay raised during the year 1924, and also that this action must, in any event, fail because of insufficiency of mortgage description of the hay crop to be raised in the year 1924. These contentions are presented to us wholly without argument or citation of authorities, and we therefore do not feel called upon to discuss them.

The judgment of dismissal is reversed, and the cause

remanded to the superior court for further proceedings consistent with the views herein expressed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and ASKREN, JJ., concur.